Presentment Date:  October 29, 2019 at 12:00 p.m.
Objection Deadline:  October 29, 2019

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel:  212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :   Chapter 11
                                          :
WANSDOWN PROPERTIES CORPORATION           :   Case No.:  19-13223 (SMB)
N.V.,                                     :
                                          :
             Debtor.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF PRESENTMENT OF APPLICATION TO RETAIN DEBTOR'S COUNSEL**

**PLEASE TAKE NOTICE** that upon the annexed application (the "Application") of Wansdown Properties Corporation, N.V. (the "Debtor") for entry of an order authorizing the Debtor to retain Rubin LLC as bankruptcy counsel to the Debtor, the undersigned will present the attached proposed order to the Honorable Stuart M. Bernstein, Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York 10004, for signature October 29, 2019 at 12:00 noon (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application must be in writing and filed with the Bankruptcy Court in accordance with the Local Rules, and served upon undersigned counsel for the Debtor and upon the United States Trustee, so as to be received no later than **October 29, 2019**.  If no objections are timely filed and served, the Application may be signed by the Bankruptcy Court without a hearing.

2

**PLEASE TAKE FURTHER NOTICE** that if objections are timely filed a hearing may be scheduled before the Honorable Stuart M. Bernstein, Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York 10004.  If a hearing is scheduled the moving party will be obligated to notify all other parties entitled to receive notice of the hearing date and time.  The moving and objecting parties are required to attend the hearing, and failure to attend may result in relief being granted or denied upon default.

Dated: New York, New York
       October 14, 2019

                                                        RUBIN LLC

                                                        By:   */s/ Paul A. Rubin*
                                                               Paul A. Rubin
                                                               Hanh V. Huynh

                                                        345 Seventh Avenue, 21st Floor
                                                        New York, New York 10001
                                                        Tel: 212.390.8054
                                                        Fax: 212.390.8064
                                                        prubin@rubinlawllc.com
                                                        hhuynh@rubinlawllc.com

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                      :
In re:                                                                :    Chapter 11
                                                                      :
WANSDOWN PROPERTIES CORPORATION                                       :    Case No.: 19-13223 (SMB)
N.V.,                                                                 :
                                                                      :
                    Debtor.                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## APPLICATION TO RETAIN DEBTOR'S COUNSEL

Wansdown Properties Corporation, N.V. (the "Debtor"), as and for its application to retain Rubin LLC as bankruptcy counsel to the Debtor *nunc pro tunc* to October 8, 2019, pursuant to 11 U.S.C. § 327(a), respectfully represents as follows:

1. On October 8, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court, and an order for relief under section 301 of the Bankruptcy Code was entered in this case (the "Chapter 11 Case").

2. The Debtor has been authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors has yet been appointed by the Office of

the United States Trustee for the Southern District of New York (the "U.S. Trustee") in the Chapter 11 Case.

4.   The Debtor wishes to employ Rubin LLC, which maintains an office for the practice of law at 345 Seventh Avenue, 21st Floor New York, NY 10001, as its bankruptcy counsel *nunc pro tunc* to the Petition Date.

5.   This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.   Section 327(a) of the Bankruptcy Code allows for the employment of "one or more ... attorneys ... that do not hold or represent any interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

7.   The Debtor has selected Rubin LLC because its attorneys have considerable experience in matters of business reorganization, in the fields of debtors' and creditors' rights, and debt restructuring, among others. In addition, for its engagement by the Debtor, Rubin LLC has become familiar with the Debtor's affairs. The Debtor believes that Rubin LLC is well-qualified to represent it in this case.

8.   The professional services that Rubin LLC will render include, among other things:

   (a)   Providing legal advice with respect to the powers and duties of the Debtor as a debtor in possession in the operation and management of its business;

   (b)   Representing the Debtor before this Court and at hearings on matters pertaining to its affairs, as debtor a in possession, including prosecuting and defending litigated matters that may arise during the Chapter 11 Case;

   (c)   Representing the Debtor in formulating and prosecuting a plan of reorganization;

4

  (d) Representing the Debtor at any meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

  (e) Preparing on behalf of the Debtor the necessary applications, answers, orders, reports, documents, and other legal papers which may be required in the Chapter 11 Case; and

  (f) Performing such other legal services for the Debtor that may be appropriate and necessary.

  9. As set forth in the accompanying Declaration of Paul A. Rubin (the "Rubin Declaration"), annexed hereto as Exhibit A, and the Affidavit of Gholam Reza Golsorkhi (the "*Lar Dan* Affidavit"), annexed hereto as Exhibit B, the president of the Debtor, Gholam Reza Golsorkhi, paid a $25,000.00 retainer to Rubin LLC (the "Retainer") on October 8, 2019. The Retainer is being held by Rubin LLC without being applied to any fees or expenses incurred post-petition pending approval of a fee application by this Court.

  10. To the best of the Debtor's knowledge, and except as set forth in the Rubin Declaration, Rubin LLC represents no interest adverse to the Debtor as a debtor and debtor in possession, or its estate, regarding the matters upon which Rubin LLC is to be engaged. The Debtor respectfully submits that its employment of Rubin LLC would be in the best interests of its estate and other parties in interest.

  11. Rubin LLC's regular attorney billing rates range from $425 to $525 per hour, and paralegal time is billed at $75 per hour. Time will be recorded by the tenth (1/10) of an hour.

  12. No prior application has been made for the relief requested herein.

## NOTICE

  13. The Debtor has reviewed this Application with the Office of the United States Trustee for Region 2, whose "non-objection" is subscribed to the proposed order. In addition, a copy of this Application and supporting papers has been served on all creditors who have appeared in this case.

WHEREFORE, the Debtor respectfully requests that the Court enter the proposed order annexed hereto authorizing it to employ Rubin LLC as its counsel to represent it as debtor and debtor in possession in the Chapter 11 Case on the terms set forth in this Application, and that the Debtor be granted such other and further relief as is just and proper.

Dated: New York, New York
       October 14, 2019

                           WANSDOWN PROPERTIES CORPORATION, B.V.,

                           By:   */s/ Gholam Reza Golsorkhi*
                                 Gholam Reza Golsorkhi
                                 Managing Director & President

# EXHIBIT A
# (RUBIN DECLARATION)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                      :
In re:                                                                :    Chapter 11
                                                                      :
WANSDOWN PROPERTIES CORPORATION                                       :    Case No.: 19-13223 (SMB)
N.V.,                                                                 :
                                                                      :
                                                                      :
          Debtor.                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF PAUL RUBIN IN SUPPORT**
**OF DEBTOR'S APPLICATION TO RETAIN COUNSEL**

Paul A. Rubin, hereby declares under penalty of perjury as follows:[1]

1. I am the member of Rubin LLC, which firm maintains an office for the practice of law at 345 Seventh Avenue, 21st Floor, New York, NY 10001. I am fully familiar with the facts set forth herein.

2. I am admitted to practice before, among other courts, the courts of the state of New York and the United States District Court for the Southern, Eastern and Western Districts of New York and the United States Court of Appeals for the Second Circuit.

3. I respectfully submit this Declaration in support of the Application of the above-captioned debtor (the "Debtor"), as a debtor and debtor in possession, for entry of an order authorizing the Debtor to employ Rubin LLC as its bankruptcy counsel in this case.

4. Neither I, Rubin LLC nor anyone associated with it insofar as I have been able to ascertain:

    (a)    is a creditor of the Debtor (including by reason of unpaid fees for services rendered prior to the date the Debtor filed its chapter 11 petition);

    (b)    is an equity security holder of the Debtor;

---

[1] All capitalized terms used, but otherwise not defined, herein shall have the meanings ascribed to them in the Application.

    (c)    is an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code;

    (d)    is, or has been, within two (2) years before the date of the filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor; or

    (e)    has an interest materially adverse to the interest of the Debtor's estate or of any classes of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; or

    (f)    presently represents a creditor or security holder of the Debtor, or a person otherwise adverse or potentially adverse to the Debtor or its estate, on any matter that is related to the Debtor or its estate, or, except as described below, on any matter that is unrelated to the Debtor or its estate;

    (g)    has, in the twelve (12) months prior to the Petition Date, represented any creditor of the Debtor;

    (h)    except as described below, previously represented a creditor or equity security holder of the Debtor, or a person who is otherwise adverse or potentially adverse to the Debtor or its estate, on any matter related to the Debtor's chapter 11 case;

    (i)    except as described below, has any connection with the Debtor, its creditors, the Office of the United States Trustee or any employee of that office, or any other parties in interest; or

    (j)    has any other interest, direct or indirect, that may affect or be affected by the proposed representation.

5.    Disclosure with respect to whether or not Rubin LLC presently has or formerly has had "connections" with the Debtor, its creditors, or other interested parties, its attorneys and accountants, the Office of the United States Trustee or any employee of that office, insofar as I have been able to ascertain is set forth below.

6.    Rubin LLC maintains records of all of its clients and the matters on which it represents such clients. I have reviewed such records to determine Rubin LLC's connections with the Debtor, its creditors, any other parties in interest, its respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee.

7.    To the best of my knowledge, information and belief, Rubin LLC has no connections

2

with the Debtor, any of its creditors, or other interested parties.

8.  Except as stated herein, neither I nor Rubin LLC nor anyone associated with it, insofar as I have been able to ascertain, represents any interest adverse to the Debtor or its estate. Additionally, to the best of my knowledge, Rubin LLC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

9.  Rubin LLC's regular attorney billing rates range from $425 to $525 per hour, and paralegal time is billed at $75 per hour.  Rubin LLC will provide statements to the Debtor on a monthly basis detailing its time charges by one-tenth ($^{1}/_{10}$) of an hour and all expenses incurred.  If Rubin LLC determines to raise its hourly rates, then Rubin LLC will notify the Court and the United States Trustee of such raise in writing.  Rubin LLC also requires reimbursement for out-of-pocket expenses such as out-of-pocket travel expenses in the amount incurred, filing fees in the amount incurred, and postage in the amount incurred.

10.  The president of the Debtor, Gholam Reza Golsorkhi, paid a $25,000.00 retainer to Rubin LLC (the "Retainer") on October 7, 2019.  The Retainer is being held by Rubin LLC without being applied to any fees or expenses incurred post-petition pending approval of a fee application by this Court.

11.  Rubin LLC has not shared or agreed to share any portion of said compensation with any other person.

12.  Rubin LLC has not received any other payment in this case except as set forth above. No agreement or understanding exists between Rubin LLC and any person for a division of compensation or reimbursement received or to be received or in connection with this case.

13.  I have read and am fully familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and the Local Rules of this Court.  I respectfully submit that I am

sufficiently competent to handle whatever might be reasonably expected of Debtor's counsel in this case.

14.  I declare under penalty of perjury under the laws of the United States of America, that, to the best of my knowledge, information and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: New York, New York
   October 14, 2019

/s/ *Paul A. Rubin*
Paul A. Rubin

# EXHIBIT B
# (*LAR DAN* AFFIDAVIT)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WANSDOWN PROPERTIES CORPORATION N.V., | : | Case No.: 19-13223 (SMB) |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF GHOLAM REZA GOLSORKHI

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

I, Gholam Reza Golsorkhi, being duly sworn, deposes and says:

1. I am the Managing Director and President of Wansdown Properties Corporation N.V. (the "Debtor"). I am familiar with the matters set forth herein and make this Affidavit in support of the application of the Debtor for authority to employ and retain Rubin LLC, as counsel for the Debtor, effective October 7, 2019.

2. I have agreed to advance the sum of $25,000 on behalf of the Debtor, to be used as a retainer to be paid to Rubin LLC. I will not be requesting repayment of this advance.

3. I have been made aware of the case entitled *Lar Dan Enterprises, Inc.*, 221 B.R. 93 (Bankr. S.D.N.Y. 1998), and represent and state, as follows:

    i. I understand that all compensation received by Rubin LLC, from any source with respect to the Debtor's case, will be subject to review by this Court for reasonableness.

    ii. As I am the Managing Director and President of the Debtor, the Debtor is fully aware of all facts relating to my agreement to advance the sum of $25,000 on behalf of the Debtor, to be used as a retainer to be paid to Rubin LLC.

    iii. I understand that, notwithstanding such payment, Rubin LLC's undivided loyalty will be to the Debtor.

    iv.    I am unaware of the existence of any factual or legal relationship between me, Rubin LLC and anyone employed by Rubin LLC.

    v.    I am aware of my right and ability to discuss the payment of the initial retainer with counsel of my choice and have done so.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
October 8th, 2019

_____
Gholam Reza Golshorkhi

Subscribed and sworn to before me this 8th day of October, 2019

EVAN ZUCKER
Notary Public, State of New York
No. 02ZU6201406
Qualified in Nassau County
Commission Expires Feb. 23, 2021

2

# EXHIBIT C
# (PROPOSED ORDER)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WANSDOWN PROPERTIES CORPORATION N.V., | : | Case No.: 19-13223 (SMB) |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER AUTHORIZING RETENTION OF DEBTOR'S COUNSEL

Upon the application (the "Application")[1] of the above-captioned debtor (the "Debtor"), for an order authorizing it to employ the law firm of Rubin LLC as its bankruptcy counsel *nunc pro tunc* to the Petition Date, and upon the declaration of Paul Rubin, Esq., a copy of which is annexed as Exhibit A to the Application; and upon the Affidavit of Gholam Reza Golsorkhi, a copy of which is annexed as Exhibit B to the Application; and it appearing that due and sufficient notice of the Application has been given; and it appearing that Rubin LLC represents no interest adverse to the Debtor or to its estate in the matters upon which it will be engaged and that Rubin LLC's employment is necessary and is in the best interests of the Debtor's estate; and after due deliberation and sufficient cause appearing to me therefor, it is

ORDERED, that the Debtor be, and hereby are, authorized under section 327(a) of the Bankruptcy Code to employ Rubin LLC, *nunc pro tunc* to October 8, 2019, to perform the following services:

> (a) Provide legal advice with respect to the powers and duties of the Debtor as a debtor in possession in the operation and management of its business;

---

[1] All capitalized terms used, but otherwise not defined, herein shall have the meanings ascribed to them in the Application.

(b)  Represent the Debtor before this Court and at hearings on matters pertaining to its affairs, as debtor in possession, including prosecuting and defending litigated matters that may arise during the Chapter 11 Case;

(c)  Represent the Debtor in formulating and prosecuting a plan of reorganization;

(d)  Represent the Debtor at any meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

(e)  Prepare on behalf of the Debtor the necessary applications, answers, orders, reports, documents, and other legal papers which may be required in the Chapter 11 Case; and

(f)  Perform such other legal services for the Debtor that may be appropriate and necessary.

ORDERED, that Rubin LLC shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines"); and it is further

ORDERED, that to the extent there is any conflict between the provisions of this Order and the Application, this Order shall govern; and it is further

ORDERED, that before any increases in Rubin LCC's rates, Rubin LLC shall provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee that may be appointed in this case via supplemental declaration. Any such supplemental declaration will explain the basis for the requested rate increases under section 330(a)(3)(F) of the Bankruptcy Code and state whether the client has consented to the rate increase and will be filed with the Court. Nothing contained herein shall prejudice the United States Trustee's right to respond or object to

2

any such rate increase on all grounds including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase under section 330 of the Bankruptcy Code; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

NO OBJECTION:

    */s/ Paul Schwartzberg*
Office of the United States Trustee

Dated: New York, New York
       [ ]. 2019

                                  UNITED STATES BANKRUPTCY JUDGE