RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :

In re:                     :    Chapter 11
                         :

WANSDOWN PROPERTIES CORPORATION   :    Case No.: 19-13223 (SMB)
N.V.,                       :
                         :
                Debtor.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF PRESENTMENT OF DEBTOR'S APPLICATION PURSUANT TO SECTIONS 327(e), 328(a), 330 AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BLANK ROME LLP AS SPECIAL LITIGATION, REAL ESTATE, AND TAX COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

       **PLEASE TAKE NOTICE** that upon the annexed application (the "Application")

of Wansdown Properties Corporation, N.V. (the "Debtor") for entry of an order authorizing the

Debtor to retain Blank Rome LLP as special litigation, real estate, and tax counsel to the Debtor,

the undersigned will present the attached proposed order to the Honorable Stuart M. Bernstein,

Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York,

at One Bowling Green, New York, New York 10004, for signature October 29, 2019 at 12:00 noon

(the "Presentment Date").

       **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the

Application must be in writing and filed with the Bankruptcy Court in accordance with the Local Rules, and served upon undersigned counsel for the Debtor and upon the United States Trustee, so as to be received no later than **October 29, 2019**. If no objections are timely filed and served, the Application may be signed by the Bankruptcy Court without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if objections are timely filed a hearing may be scheduled before the Honorable Stuart M. Bernstein, Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York 10004. If a hearing is scheduled the moving party will be obligated to notify all other parties entitled to receive notice of the hearing date and time. The moving and objecting parties are required to attend the hearing, and failure to attend may result in relief being granted or denied upon default.

Dated: New York, New York
October 14, 2019

RUBIN LLC

By: _/s/ Paul A. Rubin_
Paul A. Rubin
Hanh V. Huynh

345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

149362.00601/121971184v.3

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| WANSDOWN PROPERTIES CORPORATION N.V., | : | Case No.: 19-13223 (SMB) |
|  | : |  |
|  | : |  |
| Debtor. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTOR'S APPLICATION PURSUANT TO SECTIONS 327(e), 328(a), 330 AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BLANK ROME LLP AS SPECIAL LITIGATION, REAL ESTATE, AND TAX COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Wansdown Properties Corporation N.V. ("Wansdown" or the "Debtor") respectfully submits this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to retain Blank Rome LLP ("Blank Rome") as special litigation, real estate, and tax counsel, *nunc pro tunc* to the Petition Date (as defined herein) pursuant to sections 327(e), 328(a), 330 and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). In support of the Application, the Debtor

hereby incorporates by reference the Affidavit of Gholam Reza Golsorkhi Pursuant to Local Rule 1007-2 (the "Golsorkhi Affidavit") and submits the Declaration of Lawrence F. Flick II (the "BR Declaration"), attached hereto as Exhibit B. In further support of the Application, the Debtor respectfully represents as follows:

JURISDICTION

1.      This Court has jurisdiction to consider and determine this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are Section 327(e), 328(a), 330 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

PROCEDURAL BACKGROUND

4.      On October 8, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      As of the date hereof, no official committee of unsecured creditors (the "Committee") has been appointed by the United States Trustee for the Southern District of New York (the "U.S. Trustee"). No request for the appointment of a trustee or examiner has been made in this chapter 11 case.

6.      The Debtor is operating its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      The factual background regarding the Debtor, its business operations, its capital and debt structure, and the events leading up to the filing of this chapter 11 case are set forth in detail in the Golsorkhi Affidavit.

2

## RELIEF REQUESTED

8.      The Debtor seeks an order of this Court, pursuant to sections 327(e), 328(a), 330 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Debtor to employ and retain Blank Rome *nunc pro tunc* to the Petition Date.  The Debtor requests that the Court approve the employment of Blank Rome to represent the Debtor as described in this Application, in accordance with the terms of Wansdown's engagement of Blank Rome, and the proposed Order submitted, as special litigation, real estate, and tax counsel to provide legal services attendant to certain litigation, real estate, and tax matters, as more fully described herein.  For the reasons set forth below, the Debtor submits that the relief requested is in the best interest of the Debtor, its estate, its creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## RETENTION OF BLANK ROME

9.      The Debtor seeks to retain Blank Rome as special litigation, real estate, and tax counsel because of Blank Rome's experience, knowledge and familiarity with the Azari Litigation (as defined below), Debtor's real estate and business in general.  Since December 2016, Blank Rome has represented Wansdown, as set forth below, in the prosecution of certain claims against Ms. Azadeh N. Azari and the defense against cross-claims filed by Ms. Azari.  Moreover, Blank Rome has represented the Debtor with respect to its real estate, tax and similar business matters. Accordingly, the Debtor submits that Blank Rome's knowledge, expertise, and experience with the Debtor qualifies Blank Rome to work on behalf of the Debtor's estate in an efficient and cost-effective manner.

10.      The Debtor seeks to retain Blank Rome to perform services (collectively, the "Services") including, but not limited to, (a) the continued counsel and representation on all matters in connection with the case captioned *Wansdown Properties Corporation N.V. v. Azadeh*

*Nasser Azari*, Index No. 151406/2017, currently pending in the Supreme Court of the State of New York, New York County, and any other court of competent jurisdiction that may hear matters in connection with such case (the "Azari Litigation"), (b) such other litigation matters that arise in connection with the case, (c) real estate matters with respect to the town house owned by the Debtor, and (d) tax matters. Additionally, although the automatic stay prevents the commencement of new litigation against Wansdown, the litigation claims will have to be liquidated and/or estimated in one forum or another.

11. No other law firm is providing the Debtor with the Services. Blank Rome will work with Rubin LLC to ensure that the services provided by each firm are not duplicative.

12. If the Debtor was required to retain counsel other than Blank Rome to perform the Services, the Debtor, its estate, and all parties in interest would lose the benefit of Blank Rome's experience and expertise on the matters for which Blank Rome has been serving the Debtor prior to the filing of this chapter 11 case. In particular, the disruption and costs involved in replacing Blank Rome on the Azari Litigation and as real estate and tax counsel at this juncture would prejudice the Debtor, its estate, and its creditors.

13. The Debtor respectfully submits that Blank Rome is well-qualified and uniquely able to provide the Services in an efficient and cost-effective manner, and Blank Rome's retention as special litigation, real estate, and tax counsel is in the best interests of the Debtor and its estate. Additionally, the Debtor respectfully submits that Rubin LLC and Blank Rome will diligently work in tandem but will make every reasonable effort to not duplicate services.

## NO ADVERSE INTEREST

14. As discussed in the BR Declaration, Blank Rome does not represent or hold an interest adverse to the Debtor with regard to the matters on which it will provide Services. Additionally, to the best of the Debtor's knowledge, and except as set forth in the BR Declaration,

Blank Rome has not represented the Debtor's creditors or any other parties in interest or their respective attorneys in any matter relating to the Debtor or its estate. To the best of the Debtor's knowledge and based upon the BR Declaration, Blank Rome has not represented, nor does it now represent, any interest adverse to the Debtor with respect to the matters on which it is to be employed.[1]

15.  Blank Rome has provided services to Wansdown up through the time of the filing of this Application. As of the Petition Date, Blank Rome is owed approximately $294,105.61.

16.  In the ninety days prior to the Petition Date, the Debtor has not paid Blank Rome on account of its outstanding obligations owed to Blank Rome for legal services rendered.

### PROFESSIONAL COMPENSATION

17.  Subject to Court approval, and in accordance with section 330(a) of the Bankruptcy Code, and as set forth in the BR Declaration, the Debtor proposes to compensate Blank Rome on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Blank Rome according to its customary reimbursement policies. The Debtor has been advised by Blank Rome that the current hourly rates, which will be charged in respect of the primary members of the Blank Rome engagement team for this matter, are as follows:

| TIMEKEEPER | TITLE | HOURLY RATE |
| --- | --- | --- |
| Martin S. Krezalek | Of Counsel | $570 |
| Stuart Kaplan | Partner | $925 |
| Mitesh Patel | Associate | $505 |
| David Moise | Partner | $1020 |
| Evan Zucker | Associate | $620.00 |

---

[1] If any new facts or circumstances are discovered, Blank Rome will supplement its disclosure to the Court.

149362.00601/121971184v.3

| Christopher A. Lewis | Paralegal | $335.00 |

From time to time, other Blank Rome attorneys and paraprofessionals may be involved in this case as needed. Hourly rates of Blank Rome partners and counsel range from $440.00 to $1,195.00 per hour, associates' rates range from $315.00 to $695.00 per hour, and paralegals' rates range from $185.00 to $450.00 per hour.

18.     In addition, Blank Rome customarily charges clients for actual and necessary costs of support services the firm provides in connection with a representation, including, without limitation, court reporters, transcripts, computerized research, filing fees, photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, secretarial overtime, temporary services, travel, lodging, and catering for meetings. Some of these services are provided by Blank Rome, in which case the charges are set by Blank Rome, and others are provided by third party service providers, in which case the charges are set by the providers. Blank Rome will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients and consistent with local bankruptcy rules. Blank Rome will not charge greater than $0.10 per page for standard photocopying and duplication.

19.     Blank Rome will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of services rendered. All such compensation and expenses for which Blank Rome seeks payment are subject to Court approval and/or pursuant to any administrative or compensation procedures established by Order of the Court.

### BASIS FOR RELIEF

20.     Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to employ one or more attorneys to represent the debtor on specified matters so long as those attorneys do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter

on which they are to be employed. *See* 11 U.S.C. § 327(e). Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 . . . solely because of such person's employment by or representation of the debtor before the commencement of the case." *See* 11 U.S.C. § 1107(b).

21. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer [or] on an hourly basis . . ." 11 U.S.C. § 328(a).

22. As discussed above, Blank Rome has not received any payments within the ninety days before the Petition Date from, or on behalf of, Wansdown.

23. Moreover, Blank Rome's claim for prepetition fees does not disqualify Blank Rome's retention as special counsel under section 327(e), as it might under section 327(a). Although Blank Rome might not technically be "disinterested" by virtue of its claim against Wansdown, Blank Rome is nevertheless qualified to be retained under section 327(e) because it does not have an "interest adverse to the debtor or to the estate with respect to the matter on which [it] is to be employed." *See* 11 U.S.C. § 327(e); *AroChem*, 176 F.3d at 622.

24. Finally, *nunc pro tunc* relief is appropriate here. Since the Petition Date, Blank Rome has worked diligently on various matters related to the outstanding litigations. The Debtor respectfully submits that the filing of this Application is appropriate and timely under the circumstances, so as to justify *nunc pro tunc* relief.

25. For the reasons set forth in this Application and the BR Declaration, the Debtor submits that Blank Rome's retention and employment satisfies section 327(e) and this Application should be approved. If the Debtor was required to retain counsel other than Blank Rome, the Debtor, its estate, and all parties in interest would be prejudiced, as the Debtor would lose Blank

Rome's extensive experience and knowledge on, *inter alia*, the Azari Litigation, real estate matters, and tax matters. Accordingly, it is in the best interests of the Debtor and its estate to retain Blank Rome.

## WAIVER OF STAY

26. To the extent applicable, the Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtor seeks in this Application is necessary for the Debtor to protect its interests in the Azari Litigation and to preserve value for its estate with respect to certain real estate and tax matters. Accordingly, the Debtor respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the need for the relief sought herein justifies immediate relief.

## NOTICE

Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; and (iii) Blank Rome. In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order (a) authorizing the Debtor to retain and employ Blank Rome LLP as special litigation, real estate, and tax counsel to the Debtor, *nunc pro tunc* to the Petition Date, for the purposes and upon the terms as set forth herein; and (b) granting to the Debtor such other and further relief as may be just or proper.

149362.00601/121971184v.3

Dated: New York, New York
October 14, 2019

WANSDOWN PROPERTIES CORPORATION, B.V.,

By: _____/s/ Gholam Reza Golsorkhi_____
       Gholam Reza Golsorkhi
       Managing Director & President

149362.00601/121971184v.3

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :      Chapter 11
                                              :
WANSDOWN PROPERTIES CORPORATION               :      Case No.:  19-13223 (SMB)
N.V.,                                         :
                                              :
                          Debtor.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER GRANTING DEBTOR'S APPLICATION PURSUANT TO SECTION 327(e), 328(a), 330 AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BLANK ROME LLP AS SPECIAL LITIGATION, REAL ESTATE, AND TAX COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[1] of the Debtor for an Order, pursuant to sections 327(e), 328(a), 330, and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the employment of Blank Rome LLP ("Blank Rome") as special litigation, real estate, and tax counsel to the Debtor *nunc pro tunc* to the Petition Date; and upon the Golsorkhi Affidavit and the BR Declaration; and the Court having reviewed the Application, the Golsorkhi Affidavit and the BR Declaration; and the Court being satisfied with the representations made in the Application and the BR Declaration that Blank Rome represents no interest adverse to the Debtor with respect to the matters on which Blank Rome will be employed, that its employment is necessary and in the best interests of the Debtor's estate, creditors, and other parties in interest; and it appearing that the Court has jurisdiction over this matter

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

1.       The Application is GRANTED as set forth herein.

2.       Pursuant to sections 327(e), 328(a), 330 and 1107(b) of the Bankruptcy Code, the Debtor, as debtor and debtor in possession, is authorized to employ and retain Blank Rome as special litigation, real estate, and tax counsel effective *nunc pro tunc* to the Petition Date, in accordance with the Application, Reza Affidavit, the BR Declaration, and this Order, to perform the Services.

3.       Blank Rome shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any administrative or compensation procedures established by Order of the Court.

4.       Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Blank Rome shall provide ten (10) days' notice of any such increases to the Debtor, the United States Trustee, and counsel to any statutory committee appointed in this case.

5.       Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

6.       The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

2

7.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

NO OBJECTION:


_____*/s/ Paul Schwartzberg*_____
Office of the United States Trustee

Dated: New York, New York
      [  ]. 2019


_____
UNITED STATES BANKRUPTCY JUDGE

149362.00601/121971184v.3

**Exhibit B**

**BR Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

In re:                                                                    :          Chapter 11
                                                                               :
WANSDOWN PROPERTIES CORPORATION N.V.,   :          Case No.:
                                                                               :
                         Debtor.                                     :
                                                                               :

------------------------------------------------------------------ x

### DECLARATION OF LAWRENCE F. FLICK II IN SUPPORT OF DEBTOR'S APPLICATION PURSUANT TO SECTIONS 327(e), 328(a), 330 AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016 AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BLANK ROME LLP AS SPECIAL LITIGATION, REAL ESTATE, AND TAX COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

I, Lawrence F. Flick, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1.      I am a partner in the law firm of Blank Rome LLP ("Blank Rome"), with offices at 1271 Avenue of the Americas, New York, New York 10020, among other locations.  I am duly authorized to make this declaration (the "Declaration") on behalf of Blank Rome.  I make this Declaration in support of the *Debtor's Application Pursuant to Sections 327(e), 328(a), 330 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 for Entry of an Order Authorizing the Retention and Employment of Blank Rome LLP as Special Litigation, Real Estate, and Tax Counsel Effective* Nunc Pro Tunc *to the Petition Date* (the "Application").[1]

2.      This Declaration is given in part on personal knowledge and in part on information and belief based on discussions with individuals at Blank Rome whom I consider reliable for the

---

[1] Capitalized terms used but not defined in this Declaration have the meanings ascribed to such terms in the Application.

purposes of the matters discussed, and in part on reviewing records provided to me by Blank Rome colleagues and employees.

3.      Blank Rome is a nationally recognized firm with a sophisticated practice that spans many areas of law, including, without limitation, corporate, maritime, energy, real estate, commercial litigation, employee benefits, tax, intellectual property matters, and bankruptcy and reorganization proceedings.  Blank Rome also has experience, knowledge and familiarity with the respect to the Azari Litigation, its real estate and its business and tax attributes.  Through Blank Rome, the Debtor will have the benefit of such knowledge and experience, as well as the ability to call upon other attorneys within Blank Rome with expertise in other specialized areas of law as may be needed.

4.      Blank Rome has examined its database of existing and former clients to determine whether it had or has any connections with parties in interest in this case.

5.      Specifically, based upon the information made available to Blank Rome, Blank Rome's analysis included an examination of the following parties: Debtor Wansdown Properties Corporation N.V.; professionals engaged by the Debtor in this chapter 11 case; current or former officers and directors of the Debtor (to the extent identified to Blank Rome); certain known unsecured creditors and equity interest holders of the Debtor; employees of the Office of the United States Trustee's Office for Region 2 involved in this case; and the Judges of the United States Bankruptcy Court for the Southern District of New York.  Blank Rome's examination process is necessarily ongoing.  Accordingly, if necessary, Blank Rome will supplement this Declaration as appropriate.

6.      Based on the database examination of the entities specified above, we have concluded Blank Rome does not represent any entity in this chapter 11 case, which has an adverse interest in

2

connection with this case. Blank Rome has represented, represents, and in the future likely will represent debtors, creditors, official committees, and other parties in cases unrelated to the Debtor and this chapter 11 case wherein one or more of the firms representing the Debtor or other parties-in-interest in this case has or will serve as professionals.

7.     It is possible Blank Rome may have represented or may continue to represent creditors or interest holders of the Debtor in matters unrelated to this chapter 11 case from time to time, but Blank Rome is not representing (and will not represent) any such persons in this chapter 11 case. While Blank Rome has taken all reasonable steps to ascertain whether current or recent clients are creditors of the Debtor, are affiliated with creditors of the Debtor, or are otherwise parties in interest, it is possible there may be relationships or connections of which Blank Rome is not aware through reasonable diligence. Should Blank Rome become aware of any such connections with other creditors or parties in interest, Blank Rome will supplement this Declaration.

8.     Based on the database examination of potential interest parties, as set forth above, we have concluded that, except as set forth in this Declaration, neither I, Blank Rome, nor any partner, of counsel or associate thereof has any connection with the Debtor, its creditors or parties in interest.

9.     Neither Blank Rome, any member of Blank Rome, any attorney who is of counsel to Blank Rome, nor any associate of Blank Rome, insofar as I have been able to ascertain:

(a)     presently represents a creditor or equity interest holder of the Debtor, or a person otherwise adverse or potentially adverse to the Debtor or the Debtor's estate on any matter that is related to the Debtor or the Debtor's estate or, except as described above, on any matter that is unrelated to the Debtor or the Debtor's estate;

(b)     except as described above, has any other connection with the Debtor, its creditors, the Office of the United States Trustee for Region 2 or any employee of that office or any other parties in interest; or

(c)     has any other interest, direct or indirect, which may affect or be affected by the proposed representation.

3

10.    None of the "connections" disclosed herein are believed to be disabling conflicts under the Bankruptcy Code and applicable Federal Rules of Bankruptcy Procedure.  In addition, Blank Rome will represent no entity other than the Debtor in connection with this chapter 11 case.

11.    Blank Rome has provided services to Wansdown up through the time of the filing of this Application.  As of the Petition Date, Blank Rome is owed approximately $294,105.61 for services rendered. Blank Rome has not received any compensation or payment in the ninety-day period prior to the Petition Date.

12.    Blank Rome has agreed to be employed by the Debtor at the firm's customary, hourly rates for comparable matters, including paralegal services, and understands that the firm's compensation is to be paid and the expenses and costs are to be reimbursed upon application to the Court and is subject to the Court's approval and/or pursuant to any administrative or compensation procedures established by Order of the Court.  Blank Rome anticipates that the following are the core team of professionals who will perform services for the Debtor and the current hourly rates that Blank Rome customarily charges for their services:

| TIMEKEEPER | TITLE | HOURLY RATE |
|---|---|---|
| Martin S. Krezalek | Of Counsel | $570 |
| Stuart Kaplan | Partner | $925 |
| Mitesh Patel | Associate | $505 |
| David Moise | Partner | $1020 |
| Evan Zucker | Associate | $620.00 |
| Christopher A. Lewis | Paralegal | $335.00 |

13.    From time to time, other Blank Rome attorneys and paraprofessionals may be involved in this case as needed.  Hourly rates of Blank Rome partners and counsel range from $440.00 to $1,195.00 per hour, associates' rates range from $315.00 to $695.00 per hour, and

paralegals' rates range from $185.00 to $450.00 per hour. Blank Rome will use every effort to staff the engagement in a cost-effective manner. The hourly rates set forth above are subject to periodic adjustments to reflect established billing practices and procedures as well as economic and other conditions, which adjustments typically occur on January 1 each year, but may also occur at other times during the calendar year.

14.     Blank Rome customarily charges clients for actual and necessary costs of support services the firm provides in connection with a representation, including, without limitation, court reporters, transcripts, computerized research, filing fees, photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, secretarial overtime, temporary services, travel, lodging, and catering for meetings. Some of these services are provided by Blank Rome, in which case the charges are set by Blank Rome, and others are provided by third party service providers, in which case the charges are set by the providers. Blank Rome will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients and consistent with local bankruptcy rules. Blank Rome will not charge greater than $0.10 per page for standard photocopying and duplication. All such charges for which Blank Rome seeks payment are subject to Court approval and/or pursuant to any administrative or compensation procedures established by Order of the Court.

15.     No agreement or understanding exists between Blank Rome and any other person (other than members, partners and employees of the firm) to share compensation received for services to be rendered in connection with this representation.

16.     By reason of the foregoing, I believe that Blank Rome is eligible for employment and retention by the Debtor pursuant to 11 U.S.C. §§ 327, 328, 330, and 1107(b) and applicable Bankruptcy Rules and Local Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  October 14, 2019
                                        _____*/s/ Lawrence F. Flick II*__
                                         Lawrence F. Flick II

6