UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: 
In re: : Chapter 11
:
WANSDOWN PROPERTIES CORPORATION : Case No.: 19-13223 (SMB)
N.V., :
:
Debtor. :
------------------------------------- x

# ORDER GRANTING DEBTOR'S APPLICATION PURSUANT TO SECTION 327(e), 328(a), 330 AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BLANK ROME LLP AS SPECIAL LITIGATION, REAL ESTATE, AND TAX COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application") [ECF No. 11][1] of the Debtor for an Order, pursuant to sections 327(e), 328(a), 330, and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the employment of Blank Rome LLP ("Blank Rome") as special litigation, real estate, and tax counsel to the Debtor *nunc pro tunc* to the Petition Date; and upon the Golsorkhi Affidavit and the BR Declaration filed in support of the Application; and upon the objection to the Application (the "Objection") [ECF No. 15] filed by Azadeh Nasser Azari; and upon the Debtor's reply to the Objection (the "Reply") [ECF No. 21]; and a hearing on the Application having been held on November 14, 2019 (the "Hearing"); and the Court having reviewed the Application, the Golsorkhi Affidavit, the BR Declaration, the Objection, and the Reply; and the Court being satisfied with the representations made in the

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

Application and the BR Declaration that Blank Rome represents no interest adverse to the Debtor with respect to the matters on which Blank Rome will be employed, that its employment is necessary and in the best interests of the Debtor's estate, creditors, and other parties in interest; and upon the record of the Hearing; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

    1.    The Application is GRANTED as set forth herein.

    2.    Pursuant to sections 327(e), 328(a), 330 and 1107(b) of the Bankruptcy Code, the Debtor, as debtor and debtor in possession, is authorized to employ and retain Blank Rome as special litigation, real estate, and tax counsel effective *nunc pro tunc* to the Petition Date, in accordance with the Application, Golsorkhi Affidavit, the BR Declaration, and this Order, to perform the Services.

    3.    Blank Rome shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any administrative or compensation procedures established by Order of the Court.

    4.    Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Blank Rome shall provide ten (10) days' notice of any such increases to the Debtor, the United States Trustee, and counsel to any statutory committee appointed in this case.

5. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

NO OBJECTION:

*/s/ Paul Schwartzberg*
Office of the United States Trustee

Dated: New York, New York
November **14th**, 2019

**/s/ STUART M. BERNSTEIN**
UNITED STATES BANKRUPTCY JUDGE