RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
: 
In re: : Chapter 11
: 
WANSDOWN PROPERTIES CORPORATION : Case No.: 19-13223 (SMB)
N.V., :
: 
                Debtor. :
------------------------------------- x

**MOTION PURSUANT BANKRUPTCY RULE 9006(c) FOR AN**
**ORDER SHORTENING NOTICE ON DEBTOR'S MOTION PURSUANT**
**TO 11 U.S.C. §§ 363 AND 365 AND FED. R. BANKR. P. 2002 AND 6004 FOR**
**AN ORDER APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY**

Wansdown Properties Corporation N.V. (the "Debtor"), the debtor and debtor in possession herein, by its counsel, Rubin LLC, hereby submits this motion (the "Motion to Shorten Time"), pursuant to Bankruptcy Rule 9006(c), for entry of an order shortening notice on the Debtor's *Motion Pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002 and 6004 for an Order Approving the Sale of the Debtor's Real Property* (the "Sale Motion") [ECF No.  ]. In support of the Motion to Shorten Time, the Debtor respectfully represents as follows:

1. Contemporaneously herewith, the Debtor has filed the Sale Motion, which seeks entry of an order (i) authorizing the Debtor to assume that certain *Residential Contract of Sale* dated September 25, 2019 (together with exhibits and riders thereto, the "Purchase Agreement")

1

with 29 Beekman Corp. (the "Purchaser"), and (ii) approving the sale of the Debtor's real property located at 29 Beekman Place, New York, New York 10022 (the "Property") pursuant to the terms of the Purchase Agreement.

2. Bankruptcy Rule 2002(a)(2) requires 21 days' notice of "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time." FED. R. BANK. P. 2002(a)(2).

3. Bankruptcy Rule 9006(c) provides that, when an act is required to be done within a specified time by the Bankruptcy Rules, "the court for cause shown may in its discretion with or without motion or notice order the period reduced." FED. R. BANKR. P. 9006(c)(1).

4. As set forth more fully in the Sale Motion, the deadline under the Purchase Agreement for the parties to close on the sale of the Property is January 31, 2020. Accordingly, in order to have sufficient time to close before the deadline, the Debtor requests that the hearing on the Sale Motion be held on January 14, 2020, which is the date the Court previously scheduled for a plan confirmation hearing, as explained below.

5. At the Debtor's initial case conference held on November 14, 2019, counsel for the Debtor advised the Court of the Purchase Agreement, the terms thereof (including the requirement that the closing on the sale of the Property occur on or before January 31, 2020), and the Debtor's contemplation that proceeds from the sale of the Property would be used to pay all creditors in full under a chapter 11 plan (other than the claim of an insider anticipated to be voluntarily subordinated to facilitate confirmation). The Court stated at the hearing that it would approve a disclosure statement on a preliminary basis and schedule a combined hearing to consider final approval of the disclosure statement and confirmation of a chapter 11 plan.

6. On December 2, 2019, the Debtor filed its *Chapter 11 Plan* dated December 2, 2019, and a corresponding disclosure statement. The Court scheduled a hearing on December 6, 2019, to address its concerns regarding the *Chapter 11 Plan*. Following the December 6th hearing, and to address the concerns raised by the Court, the Debtor filed its *Modified Chapter 11 Plan* dated December 9, 2019 (the "Plan") [ECF No. 30] and related disclosure statement dated December 9, 2019 (the "Disclosure Statement") [ECF No. 31].

7. Pursuant to the Plan, the Property was to be sold to the Purchaser in accordance with the terms of the Purchase Agreement. The proceeds from the sale of the Property were anticipated to be sufficient to pay in full all allowed administrative and other unclassified claims, as well as the claims of creditors in Class 1 (Other Priority Claims), Class 2 (Real Property Tax Claims), Class 3 (Secured Claims), and Class 4 (General Unsecured Claims). The sale proceeds were also anticipated to be sufficient to reserve the full amount of all disputed claims pending disposition of such disputed claims. For the purposes of the Plan, Gholam Reza Golsorkhi, the Debtor's president, indicated his willingness to subordinate his general unsecured claim in the amount of $7,480,000 in Class 5 (Subordinated Unsecured Claims), which would enable payment in full of general unsecured claims in Class 4. Accordingly, no class of creditors was impaired under the Plan, and the Debtor would not be required to solicit votes for acceptance or rejection of the Plan.

8. On December 12, 2019, the Court entered an order (the "Disclosure Statement Order") [ECF No. 32] preliminarily approving the Disclosure Statement and scheduling a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan for January 14, 2020 (the "Scheduled Confirmation Hearing").

9. On December 12, 2019, the Debtor served the Disclosure Statement Order, notice of the Scheduled Confirmation Hearing, and the Disclosure Statement (including the Plan and the Purchase Agreement attached as exhibits) on all creditors and parties in interest in the Chapter 11 Case. *See* Certificate of Service filed December 12, 2019 [ECF No. 33]. Since that time, the Debtor has been working diligently to prepare for plan confirmation.

10. Without any prior notice or warning, however, the Debtor's sole shareholder, Pelmadulla Stiftung, Vaduz ("Pelmadulla") filed a proof of claim on December 31, 2019 (the bar date established by the Court was December 31, 2019) asserting a claim in the amount of $3,243,941.19 based on a purported loan that was never documented. The Debtor does not believe the Pelmadulla claim is a valid claim against the Debtor and the Debtor intends to object to the claim.

11. The Debtor, however, has determined that Pelmadulla's assertion of a general unsecured claim against the Debtor for over $3.2 million (no matter how unsubstantiated) will not permit the Debtor to proceed with confirmation of the Plan, as proposed without modification, in time to close on the Sale of the Property by January 31, 2020. The proceeds from the sale of the Property (after payment of the Mortgage Lender claim and reserving for the full amount of the disputed Azari claim) will no longer be sufficient to pay all allowed general unsecured claims in full and to reserve cash in the full amount of disputed general unsecured claims. Nor does the Debtor believe that litigation to expunge or recharacterize the Pelmadulla claim can be completed prior to the Scheduled Confirmation Hearing. Meanwhile, the deadline to close on the sale of the Property remains at January 31, 2020, pursuant to the Purchase Agreement. Although counsel for the Debtor has communicated with counsel to the Purchaser to request an extension of time to

close, the Debtor has not received consent at this time. Critically, the Debtor continues to accrue the carrying costs for the Property, including default interest to the Mortgage Lender.

13. As a result of the unanticipated and significant increase in general unsecured claims asserted against the Debtor, the Debtor seeks now to proceed with a sale of the Property under section 363 of the Bankruptcy Code, as set forth in the Sale Motion. The Purchase Agreement itself contemplates that, should the Debtor be unable to proceed with a sale of the Property under a chapter 11 plan, the parties agreed that the Debtor would seek to sell the property in a section 363 sale. *See* Purchase Agreement at ¶ 51(a). Although the Debtor believes it must proceed with the Sale Motion at this time in the interest of preserving value, the Debtor will continue to communicate with parties in interest to attempt to move forward under the Plan on a parallel track. Whether the Debtor proceeds with a section 363 sale or a sale under the Plan, the Debtor intends to seek authorization to pay the Mortgage Lender in full at closing.

13. The Debtor submits that, under these circumstances, there is good cause to schedule the hearing on the Sale Motion for the date of the Scheduled Confirmation Hearing. The unanticipated filing of the Pelmadulla claim does not make it feasible for the Debtor to proceed with confirmation of the Plan, but the deadline to close on the sale of the Property remains at January 31, 2020, and the Debtor does not want to risk losing the sale.

14. Furthermore, all creditors and parties in interest have been made aware that the Debtor has intended from the commencement of the Chapter 11 Case to sell the Property to the Purchaser, and the hearing to consider approval of the sale as part of the Plan has already been scheduled for January 14, 2020. A hearing on the Sale Motion on shortened notice will not prejudice any party, because any party that intended to object to the sale of the Property has had since December 12, 2019 (more than a month from the proposed expedited sale hearing date) to

5

review the Purchase Agreement and consider any objections to the sale of the Property under the Purchase Agreement. The only difference at this time is that the Debtor seeks to proceed with a sale of the Property under section 363 of the Bankruptcy Code rather than through the Plan.

15. The Debtor has not previously sought the relief requested in the Motion to Shorten Time or the Sale Motion.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) shortening notice on the Sale Motion and setting the hearing on the Sale Motion for January 14, 2020, (ii) setting such objection deadlines as the Court deems appropriate, and (iii) granting the Debtor such other relief as may be just and proper.

Dated: New York, New York
January 7, 2020

                                                    RUBIN LLC

                                                   By:   */s/ Paul A. Rubin*
                                                           Paul A. Rubin
                                                           Hanh V. Huynh

                                                 345 Seventh Avenue, 21st Floor
                                                 New York, New York 10001
                                                 Tel: 212.390.8054
                                                 prubin@rubinlawllc.com
                                                 hhuynh@rubinlawllc.com

# EXHIBIT A
# (PROPOSED ORDER)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
:
WANSDOWN PROPERTIES CORPORATION : Case No.: 19-13223 (SMB)
N.V., :
:
:
Debtor. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER SHORTENING NOTICE ON DEBTOR'S MOTION PURSUANT
TO 11 U.S.C. §§ 363 AND 365 AND FED. R. BANKR. P. 2002 AND 6004 FOR
AN ORDER APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY**

Upon the motion (the "Motion to Shorten Time") of Wansdown Properties Corporation N.V. (the "Debtor"), for entry of an order shortening the notice period for scheduling a hearing on the Debtor's *Motion Pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002 and 6004 for an Order Approving the Sale of the Debtor's Real Property* (the "Sale Motion"); and the Court having determined that the relief requested in the Motion to Shorten Time is in the best interest of the Debtor, its estates and creditors; and the Court having determined that the Debtor has established good cause under Bankruptcy Rules 2002(a)(2) and 9006(c)(1) for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient and good cause appearing therefor;

**IT IS HEREBY ORDER THAT:**

1. The Motion to Shorten Time is granted as set forth herein.

2. A hearing on the Sale Motion shall be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, on **January 14, 2020, at 10:00 a.m.**, or as soon thereafter as counsel can be heard.

8

3. Any objections to the Sale Motion must be served by email upon Rubin LLC, attorneys for the Debtor, 345 Seventh Avenue, 21st Floor, New York, New York, 10001, attn.: Paul Rubin, prubin@rubinlawllc.com; and the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York, attn.: Paul Schwartzberg; with a courtesy copy to Chambers, so that they are received on or before [   ], 2020.

4. The Debtor shall serve a copy of this Order and the Sale Motion by email or overnight mail, next day deliver, upon (i) the United States Trustee for the Southern District of New York, (ii) all creditors; and (iii) all parties having filed notices of appearances in this case, on or before [   ].

5. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this order.

Dated: January ___, 2020

                                                           Honorable Stuart M. Bernstein
United States Bankruptcy Judge

# EXHIBIT B
# (DECLARATION)

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :   Chapter 11
                                              :
WANSDOWN PROPERTIES CORPORATION               :   Case No.: 19-13223 (SMB)
N.V.,                                         :
                                              :
                                              :
         Debtor.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DECLARATION OF PAUL A. RUBIN

Paul A. Rubin, hereby declares under penalty of perjury as follows:

1. I am the member of Rubin LLC, which firm maintains an office for the practice of law at 345 Seventh Avenue, 21st Floor, New York, NY 10001. I am fully familiar with the facts set forth herein.

2. I am admitted to practice before, among other courts, the courts of the state of New York and the United States District Court for the Southern, Eastern and Western Districts of New York and the United States Court of Appeals for the Second Circuit.

3. I respectfully submit this Declaration in support of the motion (the "Motion to Shorten Time") filed by Wansdown Properties Corporation N.V. (the "Debtor"), pursuant to Bankruptcy Rule 9006(c), for entry of an order shortening notice on the Debtor's *Motion Pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002 and 6004 for an Order Approving the Sale of the Debtor's Real Property* (the "Sale Motion") [ECF No.  ].

4. At the Debtor's initial case conference held on November 14, 2019, I advised the Court of the Purchase Agreement, the terms thereof (including the requirement that the closing on the sale of the Property occur on or before January 31, 2020), and the Debtor's contemplation that proceeds from the sale of the Property would be used to pay all creditors in full under a chapter 11 plan (other than the claim of an insider anticipated to be voluntarily subordinated to facilitate

confirmation). The Court stated at the hearing that it would approve a disclosure statement on a preliminary basis and schedule a combined hearing to consider final approval of the disclosure statement and confirmation of a chapter 11 plan.

5. On December 2, 2019, the Debtor filed its *Chapter 11 Plan* dated December 2, 2019, and a corresponding disclosure statement. The Court scheduled a hearing on December 6, 2019, to address its concerns regarding the *Chapter 11 Plan.* Following the December 6th hearing, and in response to the concerns raised by the Court, the Debtor filed its *Modified Chapter 11 Plan* dated December 9, 2019 (the "Plan") [ECF No. 30] and related disclosure statement dated December 9, 2019 (the "Disclosure Statement") [ECF No. 31].

6. Pursuant to the Plan, the Property was to be sold to the Purchaser in accordance with the terms of the Purchase Agreement. The proceeds from the sale of the Property were anticipated to be sufficient to pay in full all allowed administrative and other unclassified claims, as well as the claims of creditors in Class 1 (Other Priority Claims), Class 2 (Real Property Tax Claims), Class 3 (Secured Claims), and Class 4 (General Unsecured Claims). The sale proceeds were also anticipated to be sufficient to reserve the full amount of all disputed claims pending disposition of such disputed claims. For the purposes of the Plan, Gholam Reza Golsorkhi, the Debtor's president, indicated his willingness to subordinate his general unsecured claim in the amount of $7,480,000 in Class 5 (Subordinated Unsecured Claims), which would enable payment in full of general unsecured claims in Class 4. Accordingly, no class of creditors was impaired under the Plan, and the Debtor would not be required to solicit votes for acceptance or rejection of the Plan.

7. On December 12, 2019, the Court entered an order (the "Disclosure Statement Order") [ECF No. 32] preliminarily approving the Disclosure Statement and scheduling a

combined hearing on final approval of the Disclosure Statement and confirmation of the Plan for January 14, 2020 (the "Scheduled Confirmation Hearing").

8.      On December 12, 2019, the Debtor served the Disclosure Statement Order, notice of the Scheduled Confirmation Hearing, and the Disclosure Statement (including the Plan and the Purchase Agreement attached as exhibits) on all creditors and parties in interest in the Chapter 11 Case. *See* Certificate of Service filed December 12, 2019 [ECF No. 33]. Since that time, the Debtor has been working diligently to prepare for plan confirmation.

9.      Without any prior notice or warning, however, the Debtor's sole shareholder, Pelmadulla Stiftung, Vaduz ("Pelmadulla") filed a proof of claim on December 31, 2019 (the bar date established by the Court was December 31, 2019) asserting a claim in the amount of $3,243,941.19 based on a purported loan that was never documented. The Debtor does not believe the Pelmadulla claim is a valid claim against the Debtor and the Debtor intends to object to the claim.

10.     The Debtor, however, has determined that Pelmadulla's assertion of a general unsecured claim against the Debtor for over $3.2 million (no matter how unsubstantiated) will not permit the Debtor to proceed with confirmation of the Plan, as proposed without modification, in time to close on the Sale of the Property by January 31, 2020. The proceeds from the sale of the Property (after payment of the Mortgage Lender claim and reserving for the full amount of the disputed Azari claim) will no longer be sufficient to pay all allowed general unsecured claims in full and to reserve cash in the full amount of disputed general unsecured claims. Nor does the Debtor believe that litigation to expunge or recharacterize the Pelmadulla claim can be completed prior to the Scheduled Confirmation Hearing. Meanwhile, the deadline to close on the sale of the Property remains at January 31, 2020, pursuant to the Purchase Agreement. Although counsel for

the Debtor has communicated with counsel to the Purchaser to request an extension of time to close, the Debtor has not received consent at this time. Critically, the Debtor continues to accrue the carrying costs for the Property, including default interest to the Mortgage Lender.

11. As a result of the unanticipated and significant increase in general unsecured claims asserted against the Debtor, the Debtor seeks now to proceed with a sale of the Property under section 363 of the Bankruptcy Code, as set forth in the Sale Motion. The Purchase Agreement itself contemplates that, should the Debtor be unable to proceed with a sale of the Property under a chapter 11 plan, the parties agreed that the Debtor would seek to sell the property in a section 363 sale. *See* Purchase Agreement at ¶ 51(a). Although the Debtor believes it must proceed with the Sale Motion at this time in the interest of preserving value, the Debtor will continue to communicate with parties in interest to attempt to move forward under the Plan on a parallel track. Whether the Debtor proceeds with a section 363 sale or a sale under the Plan, the Debtor intends to seek authorization to pay the Mortgage Lender in full at closing.

12. The Debtor submits that, under these circumstances, there is good cause to schedule the hearing on the Sale Motion for the date of the Scheduled Confirmation Hearing. The unanticipated filing of the Pelmadulla claim does not make it feasible for the Debtor to proceed with confirmation of the Plan, but the deadline to close on the sale of the Property remains at January 31, 2020, and the Debtor does not want to risk losing the sale.

13. Furthermore, all creditors and parties in interest have been made aware that the Debtor has intended from the commencement of the Chapter 11 Case to sell the Property to the Purchaser, and the hearing to consider approval of the sale as part of the Plan has already been scheduled for January 14, 2020. A hearing on the Sale Motion on shortened notice will not prejudice any party, because any party that intended to object to the sale of the Property has had

since December 12, 2019 (more than a month from the proposed expedited sale hearing date) to review the Purchase Agreement and consider any objections to the sale of the Property under the Purchase Agreement. The only difference at this time is that the Debtor seeks to proceed with a sale of the Property under section 363 of the Bankruptcy Code rather than through the Plan.

14. The Debtor has not previously sought the relief requested in the Motion to Shorten Time or the Sale Motion.

I declare under penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing is true and correct.

Dated: New York, New York
January 7, 2020

*/s/ Paul A. Rubin*