KIRBY AISNER & CURLEY LLP
*Counsel for Secured Creditor*
     *National Investment Bank (N.A) N.V.*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Erica R. Aisner, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

WANSDOWN PROPERTIES CORPORATION, N.V.,

                      Debtor.
------------------------------------------------------------------X

Chapter 11
Case No. 19-13223 (SMB)

## LIMITED OBJECTION OF SECURED CREIDTOR NATIONAL INVESTMENT BANK (N.A.) N.V. TO CONFIRMATION OF THE DBETOR'S MODIFIED CHAPTER 11 PLAN

National Investment Bank (N.A.) N.V. ("NIB"), a secured creditor in the above-referenced Chapter 11 case, by and through its counsel Kirby Aisner & Curley LLP, as and for its Limited Objection to the Modified Chapter 11 Plan, dated December 9, 2020 (the "Plan") of the debtor, Wansdown Properties Corporation, N.V. (the "Debtor"), respectfully sets forth as follows:

### PRELIMINARY STATEMENT

NIB objects to the Plan insofar as it does not provide for the survival of NIB's valid and undisputed senior mortgage liens on the Property (as defined herein) until such time as its allowed secured claim is paid in full.

### RELEVANT FACTS

1.      NIB is the holder of two mortgages on the Debtor's only asset, the real property located at 29 Beekman Place, New York, New York (the "Property"), pursuant to a mortgage

and note dated December 20, 2011 ("First Mortgage and Note") and a mortgage and note dated February 11, 2016 ("Second Mortgage and Note") (collectively, the "Mortgages").

2.      The First Mortgage and Note, executed by M. Golam Reza Golsorkhi as Managing Director of the Debtor, secured payment of the sum of three-million dollars ($3,000,000.00), plus interest, late charges and other costs as set forth therein.

3.      The Second Mortgage and Note, also excuted by Mr. Golsorkhi in his capacity as Managing Director of the Debtor, secured payment of the sum of two-million dollars ($2,000,000.00), plus interest, late charges and other costs as set forth therein.

4.      The obligations set forth in the First and Second Mortgage and Notes were modified in an Extension and Modification Agreement ("Extension Agreement"), dated February 2019 pursuant to which, *inter alia,* the maturity date was extended to June 20, 2019.

5.      As of the filing of this Chapter 11 case, the Debtor was in default under the Mortgages as a result of, among other things, the Debtor's failure to pay quarterly debt service installment payments due on each of March 20, 2019 and June 20, 2019 and the payment of the outstanding principal indebtedness, accrued interest and late charges, as provided in the Mortgages, which became immediately due and payable upon the acceleration thereof on June 20, 2019.

6.      As set forth in proof of claim number 8 filed by NIB on December 30, 2019, as of the filing of this Chapter 11 case, the Debtor was indebted to NIB in the amount of $5,627,088.52 which amount continues to accrue interest and costs post-petition.

7.    The Debtor does not dispute the validity and priority of the mortgages held by NIB which are subordinate only to the outstanding real estate taxes due and owing to the City of New York.

## LIMITED OBJECTION

8.    While NIB does not object to the confirmation of the Debtor's Plan and/ or the sale of the Property, NIB takes issue with the Plan's treatment of NIB's mortgage liens and the timing of payment of the allowed NIB secured claim.

9.    Section 11.1 of the Plan entitled *Vesting of Assets,* provides that "[o]n the Effective Date, pursuant to 1141(b) and (c) of the Bankruptcy Code, all property of the Debtor's Estate shall vest in the Reorganized Debtor free and clear of all Claims, liens, encumbrances, charges and other interests, except as provided pursuant to this Plan and the Confirmation Order." However, Section 1141(b) and (c) provide for property of the debtor to vest free and claim of all "claims and interests" but makes no mention of liens or encumbrances.

10.    Section 11.2 of the Plan entitled *Release of Liens,* goes on to provide specifically that "on the Effective Date, all mortgages…Liens… or other security interests against any property of the Estates[sic] shall be fully released…"

11.    The Effective Date is defined in Section 1.30 of the Plan as "the date on which all conditions to the effectiveness of the Plan set forth in Section 11 have been satisfied or waived in accordance with the terms of the Plan." Therefore, it is entirely possible, in fact probable, that the sale of the Property will be effectuated in the days following the Effective Date which results in the release of the mortgage liens of NIB prior to the satisfaction of the underlying obligation.

12.    This treatment impairs the rights of NIB under the Mortgages, to which treatment NIB has not and does not consent.

13.     Moreover, the Plan makes no provision for payment of the NIB claim at closing but rather permits the distribution on such claim to "a date selected by the Debtor or the Reorganized Debtor, as applicable, on or as soon as reasonably practicable after the Effective Date." (See Plan Section 1.43).

14.     Prior to the filing of this Limited Objection, counsel for NIB raised the foregoing concerns with Debtor's counsel and was assured that the intention of the Debtor was to pay NIB's claim in full at closing.

15.     While it appears that confirmation of the Plan may be adjourned due to the filing of the Pelmadulla Claim, which may prevent the payment of all creditors in full as the Plan indicates, this Limited Objection is filed to preserve and protect the rights and objections of NIB as set forth herein.

16.     It bears noting that the Motion to Approve the Sale of the Property filed by the Debtor on January 7, 2020 [ECF Docket No. 38] provides for the payment of the NIB claim at closing.

17.     Based upon the foregoing, NIB respectfully requests that should the Court consider confirmation of the Plan, that any Confirmation Order require the payment of the NIB claim in full at closing and that its mortgage liens remain in full force and effect until such time as payment is made.

Dated: January 8, 2020
  Scarsdale, New York     KIRBY AISNER & CURLEY LLP
               *Counsel for Secured Creditor*
               *National Investment Bank (N.A) N.V.*

               By: */s/ Erica R. Aisner*_____
                 Erica R. Aisner, Esq.
                 700 Post Road, Suite 237
                 Scarsdale, New York 10583
                 (914) 401-9500