**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| WANSDOWN PROPERTIES CORPORATION N.V., | : | Case No.: 19-13223 (SMB) |
|  | : |  |
| Debtor. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER A) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS FOR THE SALE OF THE DEBTOR'S REAL PROPERTY LOCATED AT 29 BEEKMAN PLACE, NEW YORK, NEW YORK, AND (B) SCHEDULING A SALE HEARING DATE**

Upon the portion of the motion (the "Motion")[1] of Wansdown Properties Corporation N.V. (the "Debtor"), for entry of (i) an order (the "Bidding Procedures Order") approving bidding procedures and bid protections in connection with the sale and potential auction of the Debtor's real property located at 29 Beekman Place, New York, New York 10022 (the "Property"), and (b) scheduling a hearing to approve the sale of the Property pursuant to the *Residential Contract of Sale* dated June 4, 2020 (the "Sale Contract"), between the Debtor and FCF Beekman Realty LLC (the "Purchaser"), free and clear of any and all liens, claims, and encumbrances, subject to higher and better offers; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on June 16, 2020 (the "Hearing"); and this Court having reviewed the Motion and exhibits thereto and the arguments of counsel made and the evidence proffered or adduced, as applicable, at the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion (other than the term "Order," which shall refer to this document).

the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and this Court having found that the form and manner of notice of the Hearing was good, sufficient, and appropriate under the circumstances and that no other or further notice need be provided or is necessary; and after due deliberation and sufficient cause appearing therefor, this Court FINDS AND DETERMINES THAT:

    A.    <u>Bidding Procedures</u>.  The Debtors have articulated good and sufficient reasons for authorizing and approving the Bidding Procedures annexed hereto as **Exhibit 1** (the "<u>Bidding Procedures</u>"), which are fair, reasonable and appropriate under the circumstances and designed to maximize recovery on, and realize the value of, the Property.

    NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

    1.    The Motion is granted to the extent set forth herein, and the Bidding Procedures are approved as set forth on the record of the Hearing.

    2.    The Sale Hearing will be held on July 16, 2020, at 10:00 a.m. (EST), before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

    3.    Except for objections regarding the conduct of the Auction, which may be raised orally at the Sale Hearing, the deadline to object to the sale of the Property shall be July 9, 2020 (the "<u>Sale Objection Deadline</u>", subject to this date being extended by virtue of adjournment of the Sale Hearing as set forth below.  Objections, if any, must (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) state with particularity the legal and factual bases for the objection and the specific grounds therefor; and (iv) be filed with this Court and served so as to be actually received no later than the Sale Objection Deadline by the following parties (the "<u>Objection Notice Parties</u>"):

<u>Counsel for the Debtor</u>: Rubin LLC, 345 Seventh Avenue, 21st Floor, New York, NY 10001 (Attn.: Paul A. Rubin)

<u>Special Real Estate Counsel for the Debtor</u>: Blank Rome LLP, 1271 Avenue of the Americas, New York, NY 10020 (Attn.: Ira Herman)

<u>The U.S. Trustee</u>: Office of the United States Trustee, 201 Varick Street, Room 1006, New York, NY 10014 (Attn.: Paul Schwartzberg)

<u>The Stalking Horse Purchaser</u>: Robinson Brog Leinwand, 875 Third Avenue, New York, NY 10022 (Attn.: Robert Sasloff)

4. The Sale Hearing may be adjourned by this Court or the Debtor from time to time by notice of adjournment filed on the docket in this Chapter 11 Case. If the Sale Hearing is adjourned, the Sale Objection Deadline shall be extended to a date that is two (2) days prior to the rescheduled Sale Hearing.

5. The Bidding Procedures, substantially in the form annexed hereto as **Exhibit 1** and incorporated by reference as though fully set forth herein, are hereby approved to the extent set forth herein. The Bidding Procedures shall govern the submission, receipt and analysis of all bids relating to the proposed sale, and any party desiring to submit a higher or better offer for the Property shall do so strictly in accordance with the terms of the Bidding Procedures and this Order. In the event of any inconsistency between the Bidding Procedures or this Order, the terms of this Order shall control.

6. The Bid Protections (consisting of a break-up fee of 2% of the purchase price under the Sale Contract, and an expense reimbursement of up to $15,000) are hereby approved.

7. If the Auction is conducted, each bidder participating in the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding process or the sale. The Auction may be conducted by telephonic conference, as the Debtor may determine in consultation with the Brokers.

3

8. The Debtor is authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

9. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from, based upon, or related to this Order.

Dated: New York, New York
      **June 16th, 2020**

                                                **/s/ STUART M. BERNSTEIN**
                                                UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**
**(Bidding Procedures)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                                                  :    Chapter 11
                                                                        :
WANSDOWN PROPERTIES CORPORATION              :    Case No.: 19-13223 (SMB)
N.V.,                                                                   :
                                                                        :
        Debtor.                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## BIDDING PROCEDURES

      These Bidding Procedures ("Bidding Procedures") have been approved by the United States Bankruptcy Court for the Southern District of New York (the "Court") in connection with the above-captioned case of Wansdown Properties Corporation N.V. (the "Debtor"), pursuant to the *Order Approving (I) Bidding Procedures for Sale of the Debtor's Real Property Located at 29 Beekman Place, New York, New York, and (II) Scheduling Hearing on Sale of the Property Free and Clear of Liens, Claims, and Encumbrances* entered by the Court on June 16, 2020 (the "Bidding Procedures Order").

      These Bidding Procedures will govern the process by which the Debtor is authorized to conduct the sale by auction (the "Auction") of the Debtor's real property located at 29 Beekman Place, New York, New York 10022 (the "Property").

(a)     The Debtor has entered into a Residential Contract of Sale with FCF Beekman Realty LLC (the "Stalking Horse Purchaser"), for a sale of the Property at a purchase price of $11,500,000, subject to higher and better offers. The Stalking Horse Purchaser shall serve as the stalking horse bidder at the Auction, and therefore is entitled to receive a break-up fee of 2% of the purchase price and an expense reimbursement of up to $15,000.

(b)     The Auction sale of the Property shall take place on July 14, 2020 at 10:00 a.m. at the offices of Blank Rome, LLP, 1271 Avenue of the Americas, New York, New York 10020, or telephonically in accordance with telephonic procedures to be implemented in the sole discretion of the Debtor in consultation with its professionals, with notice of such procedures given to all interested parties prior to the Auction.

(c)     In the Debtor's sole discretion, interested parties may appear and bid at the Auction telephonically, provided that any party making a bid telephonically must have paid an amount equal to 5% of its highest bid in Acceptable Funds to Debtor's special real estate counsel at least one business day prior to the Auction (the "Bid Deadline"). Such funds shall be returned by Debtor's special real estate counsel to such bidder within three business days after the conclusion of the Auction in the event that such bidder did not submit the highest bid for the Property.

(d)     If no competing bids are received by the Bid Deadline, the Auction will be canceled and the Stalking Horse Purchaser will be deemed the successful bidder.

(e)     The opening bid at the Auction shall be $11,770,000.00, with subsequent bids to be made in $25,000 increments.

(f)     The sale of the Property shall be free and clear of all liens, claims, encumbrances, equities and interests, of any nature or kind. All liens and encumbrances upon the Property shall remain in effect until the closing of the sale, and at closing shall be transferred to and attach to the proceeds of the sale in the same priority that existed immediately before the closing (except for those liens, claims and encumbrances, which the purchaser is required to pay or which the Court has authorized to be paid from sale proceeds at closing, including specifically the Mortgage Lender's secured claim).

(g)     Immediately following the Auction, if the successful bidder is a party other than the Stalking Horse Purchaser, such successful bidder shall execute a sales contract in a form acceptable to the Debtor. The sales contract will contain the following provisions: (i) the bidder's representation that it is financially capable of consummating the transaction contemplated by the bidder's bid and any increased or modified bid that may be made at the Auction; (ii) an acknowledgment by the bidder that the bidder's obligations under the sales contract are not contingent or conditioned upon obtaining a commitment for or closing any financing and the failure of the bidder to obtain or close any financing for any reason whatsoever shall not be a failure of condition to the bidder's performance under the sales contract; (iii) an acknowledgment by the bidder that the Property is being sold "AS IS," "WHERE IS" IN ITS CURRENT CONDITION, WITHOUT ANY REPRESENTATIONS, COVENANTS, GUARANTEES OR WARRANTIES OF ANY KIND OR NATURE WHATSOEVER; and (iv) the successful bidder shall close on the purchase of the Property within twenty one (21) days after entry by the Court of an order approving the sale of the Property, or on such other date as the Debtor and the successful bidder shall otherwise agree in writing (such date, the "Closing Date").

(h)     The sales contract shall provide for a ten percent (10%) down payment to be held by the Debtor's special real estate counsel unless a holder of a valid and unavoidable mortgage or lien on such property is the successful bidder at the Auction, in which case the successful bidder shall only be required to make a down payment if it makes a winning bid which exceeds the amount of its credit bid under section 363(k) of the Bankruptcy Code, and in such case the down payment shall be 10% of the difference between its winning bid and the credit bid. The down payment shall be made in cash or by wire transfer to Debtor's special real estate counsel or official bank, certified or cashier's check drawn on and payable by a federally insured commercial bank (collectively, "Acceptable Funds").

(i)     If the highest bidder is unable to close within the requisite time period, Debtor's counsel shall, at the Debtor's option, either: (i) contact the party with the next

3

    highest bid and enter into a sales contract for the amount of such bid, which second highest bidder shall be bound by its bid and required to enter into the sales contract; provided however, that the sales contract with the second highest bidder shall comply with the terms of these rules; or (ii) notice a new auction sale of the Property on the terms and conditions set forth herein.

(j)   Any creditor holding a valid and unavoidable mortgage or lien on the Property (or its nominee, designee or assignee) shall have its rights under section 363(k) of the Bankruptcy Code to credit bid up to the full amount of its allowed secured claim at the Auction.

(k)   The Debtor shall have the authority to execute all documents and instruments which are necessary for the closing of the sale of the Property, including, without limitation, a deed to the Property, and transfer tax returns and questionnaires, and such other and further documents and instruments as are necessary to effectuate the auction sale contemplated hereunder; provided however, that the Debtor may seek entry of an order authorizing the appointment of an agent who shall be authorized to execute all such documents on behalf of the Debtor.

(l)   The Debtor reserves the right to determine in, its business judgment, which bid is the highest or otherwise best offer for the Property. The Debtor further reserves its rights to modify these bidding procedures in its business judgment in any manner that will best promote the goals of these bidding procedures, or impose at or prior to the Auction, additional customary terms and conditions on a transaction, including, without limitation: (i) extending the deadlines set forth in these bidding procedures, (ii) adjourning the Auction, (iii) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction, (iv) canceling the Auction, and (v) rejecting any or all bids.

(m)   A hearing to consider approval of the sale of all of the Property to the successful bidder (the "Sale Hearing") is scheduled to take place on July 16, 2020, at 10:00 a.m., prevailing Eastern Time, or as soon thereafter as counsel may be heard, before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, or as otherwise ordered by the Court.