# RUBIN LLC
*Attorneys at Law*

345 Seventh Avenue, 21st Floor
New York, New York 10001
www.rubinlawllc.com

PAUL A. RUBIN                                                          Telephone: 212.390.8054
prubin@rubinlawllc.com                                          Facsimile:  212.390.8064

July 22, 2020

<u>Via ECF and email</u>
Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re:  *In re Wansdown Properties Corporation N.V.*; Case No. 19-13223 (SMB)

Dear Judge Bernstein:

This firm is counsel to the above-referenced debtor (the "<u>Debtor</u>").  We are writing at the request of FCF Beekman Realty LLC (the "<u>Purchaser</u>"), the purchaser of the Debtor's sole significant asset under the Debtor's confirmed Plan.

On July 16, 2020, the Court entered the *Order Granting Final Approval of Disclosure Statement and Confirming the Debtor's Second Amended Chapter 11 Plan* (the "<u>Confirmation Order</u>").  The Confirmation Order as entered reflects the Court's modifications to the proposed order that was submitted by the Debtor after consultation with the Purchaser's counsel, which are indicated by strike-through deleted text and bold added text.  In particular, Paragraph 28 of the Confirmation Order contains the Court's deletions and additions with respect to the provisions relating to the exemption of the sale from imposition of stamp or similar taxes under section 1146(a) of the Bankruptcy Code.

The Purchaser, after consulting with its title company, has asked us to request that the Court consider entry of the Confirmation Order with the exact same language entered by the Court, but that reflects the text of the section 1146(a) provisions as modified by the Court in a clean format, without showing the language deleted by the Court.  No other portion of the new Confirmation Order would be affected, and to be clear, no change to any language in the Confirmation Order as entered by the Court is being requested.  The Purchaser has informed us that the Purchaser and the title company have concerns that the marked-up section 1146(a) provision as currently contained in the Confirmation Order could potentially cause confusion with any clerk that will be handed the documents related to the sale of the property for recordation.

Purchaser has agreed that the entry of a clean confirmation order would not delay the closing, as the July 16, 2020 date of entry of the Confirmation Order would remain the basis for calculating the Closing Date under the *Residential Contract of Sale* between the parties dated as of June 4, 2020 (the "<u>Contract</u>") and for determining the date on which the Sale Approval Order (as defined in the Contract) has become final and non-appealable.

Attached hereto for the Court's convenience is a proposed confirmation order that is identical to the Confirmation Order entered by the Court, with the exception that it contains the section 1146(a) provision in clean format (at page 14).

We are grateful for the Court's time and consideration of this request.

Respectfully submitted,

RUBIN LLC

By:    /s/ Paul A. Rubin
         Paul A. Rubin

cc: Robert Sasloff, Esq.

**RUBIN LLC**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                           :   Chapter 11
                                                 :
WANSDOWN PROPERTIES CORPORATION                  :   Case No.:  19-13223 (SMB)
N.V.,                                            :
                                                 :
                          Debtor.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMING THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN

### RECITALS

A.     On October 8, 2019 (the "Petition Date"), Wansdown Properties Corporation N.V. (the "Debtor"), filed a petition for relief under chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned case (the "Chapter 11 Case").

B.     On June 5, 2020, the Debtor filed the *Motion for Entry of Orders: (I)(A) Approving Bidding Procedures and Bid Protections for the Sale of the Debtor's Real Property Located at 29 Beekman Place, New York, New York, and (B) Scheduling a Sale Hearing Date; and (II)(A) Approving the Sale of the Property Free and Clear of Liens, Claims, and Encumbrances, and (B) Approving the Stalking Horse Residential Contract of Sale Subject to Higher and Better Offers* (the "Bidding Procedures Motion").  As evidenced by the relevant certificate of service on file in this case [ECF No. 109], counsel for the Debtor caused the Bidding Procedures Motion to be served on all creditors and parties in interest, including any known holders of liens on the Property.

C.     On June 16, 2020, the Court entered an order (the "Bidding Procedures Order") [ECF No. 117] approving the Bidding Procedures Motion and the bidding procedures annexed as Exhibit 1 thereto.  As evidenced by the relevant certificate of service on file in this case [ECF

No. 119], counsel for the Debtor caused the Bidding Procedures Order to be served on all creditors and parties in interest.

D.       June 16, 2020, the Debtor filed the revised *Second Amended Chapter 11 Plan* dated June 9, 2020 (as may be modified, amended and/or supplemented, the "Plan")[1] and the disclosure statement with respect to the Plan (the "Disclosure Statement").

E.       On June 16, 2020, the Court entered the *Order (I) Preliminarily Approving Disclosure Statement, and (II) Scheduling Hearing on the Debtor's Application for an Order Granting Final Approval of Disclosure Statement and Confirming Debtor's Chapter 11 Plan* (the "Disclosure Statement Order").

F.       Pursuant to the Disclosure Statement Order, the Court preliminarily approved the Disclosure Statement and scheduled a hearing (the "Confirmation Hearing") on confirmation of the Plan for July 16, 2020.

G.       As evidenced by the relevant certificate of service on file in this case [ECF No. 119], in accordance with the Disclosure Statement Order, on June 16, 2020, counsel for the Debtor caused to be served an information and solicitation package containing a copy or conformed printed version of the following documents:  (A) to all of the Debtor's creditors that are entitled to vote (*i.e.*, creditors in Classes 3 and 5): (i) the Disclosure Statement (which includes among other exhibits, a copy of the Plan); (ii) the Disclosure Statement Order; (iii) the notice of the Confirmation Hearing in the form annexed to the Disclosure Statement Order as Exhibit 2 (the "Confirmation Hearing Notice") (the foregoing documents, the "Solicitation Package"); and (iv) the applicable ballot, in substantially the form of the applicable proposed

---

[1]  Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Plan.  Any capitalized term used in the Plan or in this Order that is not defined in the Plan or in this Order, but that is used in the Bankruptcy Code, or in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

ballot (each, a "<u>Ballot</u>," and collectively, the "<u>Ballots</u>") annexed as <u>Exhibit 1</u> to the Disclosure Statement Order; (B) to parties to executory contracts and unexpired leases that have not been assumed or rejected as of the Record Date (as hereinafter defined), a Solicitation Package; (C) to creditors in Classes 1, 2, 4, and 6, and holders of administrative claims and priority tax claims: (i) the Confirmation Hearing Notice; and (ii) the Notice of Non-Voting Status, annexed as <u>Exhibit 3</u> to the Disclosure Statement Order; and (D) to all other parties included in the Debtor's creditor matrix that do not fall within any of the categories described in subparagraphs "(A)" through "(C)" of this paragraph (which includes all other parties required to be served under Bankruptcy Rules 2002 and 3017), the Confirmation Hearing Notice.

H.      On July 10, 2020, the Debtor filed the Certification of Ballots, and an Amended Certification of Ballots on July 15, 2020 (the "<u>Voting Report</u>").

I.      On July 14, 2020, the Debtor caused to be filed *the Affidavit of Gholam Reza Golsorkhi* (the "<u>Golsorkhi Affidavit</u>") in support of confirmation of the Plan, and the *Declaration of Greg Corbin in Support of Approval of the Sale of Debtor's Real Property to Purchaser* (the "<u>Corbin Declaration</u>").

J.      The Confirmation Hearing was held on July 16, 2020 at 10:00 a.m.

NOW, THEREFORE, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate; and upon the Court's review of the Voting Report; and upon all of the evidence proffered or adduced and the arguments of counsel made at the Confirmation Hearing, the Golsorkhi Affidavit, the Corbin Declaration, and the entire record of the Chapter 11 Case; and after due deliberation thereon and good cause appearing therefor:

# FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]

IT IS HEREBY FOUND AND DETERMINED THAT:

1.     <u>Exclusive Jurisdiction; Venue, Core Proceeding (28 U.S.C. §§ 157, 1334(a), 1408 and 1409)</u>.  This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. §§ 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and to enter a final order with respect to such matters.

2.     <u>Disclosure Statement</u>.  The Disclosure Statement complies with the requirements of the Bankruptcy Code and the Bankruptcy Rules and contains "adequate information" as such term is defined in section 1125 of the Bankruptcy Code.

3.     ~~Judicial Notice.  This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Case.~~  **[SMB: 7/16/20]**

4.     <u>Transmittal and Mailing of Materials, Notice</u>.  The Solicitation Package was transmitted and served in compliance with the Disclosure Statement Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient.  Adequate and sufficient notice of the Confirmation Hearing and the other dates described in the Disclosure Statement

---

[2]  The findings and conclusions set forth herein and on the record of the Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure made applicable herein by Bankruptcy Rules 7052 and 9014.  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

Order was given in compliance with the Disclosure Statement Order, and no other or further notice is or shall be required.

5. **The Debtor solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code. [SMB: 7/16/20]**

6. <u>The Sale of the Property</u>.

    (i)    The Plan provides for the sale of the Debtor's real property located at 29 Beekman Place, New York, New York 10022 (the "<u>Property</u>") to FCF Beekman Realty LLC (the "<u>Purchaser</u>") pursuant to that certain *Residential Contract of Sale* dated June 4, 2020 (the "<u>Sale Contract</u>") between the Debtor and the Purchaser, subject to higher and better offers in accordance with the bidding procedures (the "<u>Bidding Procedures</u>") approved by the Court on June 16, 2020 [ECF No. 117].

    (ii)    No competing qualified bids for the Property were received and, in accordance with the Bidding Procedures, no auction of the Property was held.

    (iii)    The Sale Contract and the transactions contemplated by the Sale Contract were negotiated and have been and are undertaken by the Debtor at arm's length, without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code. As a result of the foregoing, the Debtor and the Purchaser are entitled to the protections of section 363(m) of the Bankruptcy Code.

    (iv)    The Sale Contract was negotiated, proposed and entered into by the Debtor and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the Sale Contract to be avoided under section 363(n) of the Bankruptcy Code.

    (v)    The Property has been adequately marketed, and the purchase price to be provided by the Purchaser pursuant to the Sale Contract (i) represents the highest or otherwise best offer received by the Debtor for the Property, and (ii) constitutes reasonably equivalent value and fair consideration for the Property.

    (vi)    A reasonable opportunity to object or be heard with respect to the sale of the Property under the Plan has been afforded to all interested persons and entities, including: (i) the Office of the United States Trustee; (ii) counsel for the Purchase; (iii) counsel for the Debtor's prepetition secured lender; (iv) all entities know to have asserted any lien in or upon the Property; (v) all creditors and parties in interest of the Debtor; (vi) all federal, state,

and local taxing authorities which have a reasonably known interest in the sale of the Property; (vii) the Internal Revenue Service; and (viii) all entities that have filed a notice of appearance in this case.

(vii)    The Purchaser is not an "insider" of the Debtor, as that term is defined in section 101 of the Bankruptcy Code **and is a "good faith" purchaser within the meaning of 11 U.S.C. § 363(m).  [SMB: 7/16/20]**

(viii)   The sale of the Property to the Purchaser in accordance with the Sale Contract will be a legal, valid, and effective transfer of the Property, and, except as otherwise provided in the Sale Contract, vests or shall vest the Purchaser with all right, title, and interest of the Debtor in and to the Property pursuant to section 363(f) of the Bankruptcy Code free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances, or interests of any kind or nature that have been, are or could be asserted against the Debtor or the Property, whether known or unknown, whether arising prior to or subsequent to the commencement of the Chapter 11 Case, (collectively, the "Interests").  The Debtor may sell the Property free and clear of any Interests of any kind or nature as set forth in this Order because each person or entity with any Interest in the Property: (i) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest; or (iii) has a lien and the purchase price for the Property is greater than the aggregate value of all liens on the Property.

(ix)     The Debtor may sell the Property free and clear of all Interests, with all such Interests to attach to the proceeds of the sale and to be paid therefrom as set forth in Plan.

(x)      As of the Closing Date (as defined in the Sale Contract), the consummation of the sale of the Property will be legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including sections 105(a), 363(b), 363(f), 363(m), 365(a) and 365(f), 1123 and/or 1129, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

7.    <u>Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(i)      <u>Proper Classification of Claims and Interests (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  The Plan designates six Classes of Claims and Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in such Class.  Valid business, factual and legal reasons exist for separately classifying the various

Classes of Claims and Interests created under the Plan, the classifications are not done for any improper purpose, and such classification does not unfairly discriminate among holders of Claims or Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)     Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  The Plan specifies that Classes 1, 2 and 4 under the Plan are unimpaired and that Classes 3, 5, and 6 of the Plan are impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii)    Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Section 4 of the Plan designates Classes 3, 5, and 6 as impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv)     Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment by the Debtor for each Claim or Interest in a particular Class unless the holder of a particular Claim or Interest in such Class has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)      Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The Plan provides adequate and proper means for its implementation, including (a) the consummation of the Sale Transaction, and (b) the payments to be made under the Plan will be funded by the Plan Cash, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(vi)     Charter Provisions (11 U.S.C. § 1123(a)(6)).  The Plan does not provide for the charter provisions described in section 1123(a)(6) of the Bankruptcy Code, and thus section 1123(a)(6) is not applicable.

(vii)    Selection of Officers and Directors (11 U.S.C. §§ 1123(a)(7) & 1129(a)(5)).  No officers and directors will be selected under the Plan. Accordingly, the Plan is not required to contain provisions for the selection of officers, directors, or trustees in accordance with sections 1123(a)(7) and 1129(a)(5) of the Bankruptcy Code.  Additionally, the Plan does not modify the selection of management of the Debtor.

(viii)   Discretionary Contents of the Plan (11 U.S.C. § 1123(b)).  The Plan contains various provisions that may be construed as discretionary, but are not required for confirmation under the Bankruptcy Code.  These Plan provisions are appropriate, in the best interests of the Debtor and its estate, and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) the assumption or rejection of executory contracts and unexpired leases; and (b) exculpation of various persons and entities.  Accordingly, section 1123(b) of the Bankruptcy Code is satisfied.

(ix)    Rule 3016(a) of the Bankruptcy Rules.  The Plan is dated and identifies the entities submitting it, thereby satisfying Rule 3016(a) of the Bankruptcy Rules.

8.    The Debtor's Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).    The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically:

(i)    the Debtor is a proper debtor under section 109 of the Bankruptcy Code and the Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code;

(ii)    the Debtor has complied with applicable provisions of the Bankruptcy Code; and

(iii)    the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Solicitation Package and in soliciting and tabulating votes on the Plan.

9.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the formulation of the Plan.  The Chapter 11 Case was filed with the purpose of reorganizing the Debtor, and the Plan was the result of arms'-length negotiations and reflect a settlement of the disputed issues between the Debtor and its creditors.

10.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

11.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  There are no rates applicable to the Debtor's business or otherwise over which any regulatory commission or other governmental authority has, or will have, jurisdiction after confirmation of the Plan, whose approval of such rates is required under section 1129(a)(6) of the Bankruptcy Code.  Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable in the Chapter 11 Case.

12.    <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>.  The Plan provides that each holder of a claim or interest in an impaired class shall have either accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.  The Liquidation Analysis contained in the Disclosure Statement reflects, and the Court finds, that each holder of a claim or interest in an impaired class will receive a distribution on account of such claim or interest that is not less than such holder would receive or retain if the Debtor was liquidated in a chapter 7 bankruptcy case.  Thus, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

13.    <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  Class 3 (Mortgage Lender Secured Claim) and Class 5 (General Unsecured Claims) have voted to accept the Plan.  Classes 1 (Other Priority Claims), 2 (Real Property Tax Claims), and 4 (Azari Secured Claim) are unimpaired under the Plan and deemed to accept the Plan.  Class 6 (Existing Equity Interests) is impaired and deemed to reject the Plan.  Because the Plan has not been accepted by Class 6, the Debtor sought confirmation under section 1129(b) of the Bankruptcy Code.  ~~Thus, although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Class 6, the~~

~~Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with~~ ~~respect to Class 6 and thus satisfies section 1129(b) of the Bankruptcy Code.~~ **[SMB: 7/16/20]**

14.     <u>Treatment of Priority Claims (11 U.S.C. § 1129(a)(9))</u>.  Sections 2.1, 2.2, 2.3 and 4.1 of the Plan provides for the treatment of Allowed Administrative Expense Claims, Allowed Fee Claims, Allowed Priority Tax Claims, and Allowed Other Priority Claims.  Except as the holders of such Allowed Claims and the Debtor or Reorganized Debtor, as applicable, agree to different treatment, the Debtor (or the Reorganized Debtor as the case may be) shall pay to each holder of such Allowed Claims Cash in an amount equal to such Claim (plus statutory interest on such claim, if applicable), on or as soon ~~thereafter~~ **after the Effective Date** as is reasonably practicable~~, the later of (a) the Effective Date and (b) the first Business Day after the date that is thirty (30) calendar days after the date such Claim becomes an Allowed Claim~~.  Thus, the Plan's treatment of Administrative Expense Claims, Fee Claims, Priority Tax Claims, and Other Priority Claims satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code. **[SMB: 7/16/20]**

15.     <u>Acceptance of at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))</u>. Class 3 (Mortgage Lender Secured Claim), which consists of a single member (the Mortgage Lender), which is not an insider of any of the Debtor, is impaired and has voted to accept the Plan.  Class 5 (General Unsecured Claims) is impaired and, excluding the vote of an insider of the Debtor, has voted to accept the Plan.  Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

16.     <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The Plan provides for the liquidation of the Debtor.  Thus, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

17. <u>Payment of Certain Fees (11 U.S.C. § 1129(a)(12))</u>. All Statutory Fees will be paid on the Effective Date, and will be thereafter be paid as they become due pursuant to Section 13.1 of the Plan. Thus, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

18. <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. The Debtor does not currently have any liability to pay "retiree benefits" as that term is defined under section 1114(a) of the Bankruptcy Code. Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable.

19. <u>Confirmation of Plan Over Nonacceptance of Impaired Class (11 U.S.C. § 1129(b))</u>. Notwithstanding the fact that Class 6 is deemed to reject the Plan, ~~the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code because: (a) Classes 3 and 5 have voted to accept the Plan; and (b)~~ the Plan does not discriminate unfairly and is fair and equitable with respect to Class 6 **because the Plan satisfies 11 U.S.C. § 1129(b)(2)(C)(ii)**. ~~Thus, the Plan may be confirmed notwithstanding the Debtor's failure to satisfy section 1129(a)(8) of the Bankruptcy Code.~~ After entry of this Order and upon the Effective Date, the Plan shall be binding upon the members of Class 6, and their interests will be cancelled. **[SMB: 7/16/20]**

20. <u>No Other Plan (11 U.S.C. § 1129(c))</u>. No other pending plan of reorganization has been filed with respect to the Debtor.

21. <u>No Avoidance of Taxes or Avoidance of Application of Securities Act (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

22. ~~Good Faith Solicitation (11 U.S.C. § 1125(e)). Based upon the record before the Court, the Debtor solicited votes on the Plan in good faith and in compliance with the applicable~~

provisions of the Bankruptcy Code and they, along with all entities who assisted the solicitation, are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpatory and injunctive provisions set forth in the Plan.  **[SMB: 7/16/20]**

23.    ~~Implementation of the Plan.  All documents necessary to implement the Plan, shall, upon execution, be valid, binding and enforceable agreements in accordance with their terms, and not be in conflict with any federal or state law.~~  **[SMB: 7/16/20]**

24.    Retention of Jurisdiction.  The Court shall retain jurisdiction over the matters set forth in Section 12 of the Plan and as may be provided elsewhere in this Order.

## DECREES

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED THAT:

25.    Incorporation.  To the extent applicable, based on the context, the foregoing Findings of Fact and Conclusions of Law are incorporated by reference as decretal paragraphs of this Order.

26.    Final Approval of Disclosure Statement.  The Disclosure Statement is approved on a final basis as containing "adequate information" under section 1125 of the Bankruptcy Code.

27.    Approval of the Sale of the Property to the Purchaser.

   (i)    The sale of the Property to the Purchaser is hereby approved.  The Sale Contract is approved and the Debtor is authorized to sell the Property to the Purchaser and otherwise consummate the transactions contemplated by the Sale Contract.

   (ii)    Upon the Closing, (i) the sale transaction effects a legal, valid, enforceable and effective sale and transfer of all of the Debtor's rights, title, and interests in the Property to the Purchaser, and shall vest the Purchaser with all of the Debtor's rights, title, and interests in the Property free and clear of all Interests of any kind whatsoever, except as expressly provided in

this Order and the Sale Contract, and (ii) the Sale Contract, the sale of the Property, and any agreements, instruments and documents contemplated thereby shall be enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtor or any successor trustee appointed with respect thereto.

(iii)     Pursuant to sections 363, 365, 1123(b)(4), and 1146(a) of the Bankruptcy Code, the Debtor is authorized to perform its obligations under and comply with the terms of the Sale Contract and consummate the sale of the Property, pursuant to and in accordance with the terms and conditions of the Sale Contract.

(iv)     The Debtor is authorized to execute and deliver, and empowered to perform under, consummate and implement, the Sale Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Contract, and to take all further actions as may be reasonably requested by the Purchaser for the purposes of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession, the Property, or as may be appropriate to the performance of the obligations as contemplated by the Sale Contract.

(v)     ~~The sale of the Property under the Sale Contract is undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Property shall not affect the validity of the sale of the Property to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Property, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. Neither the Debtor nor the Purchaser has engaged in conduct that would cause or permit the Sale Contract or the sale of the Property to the Purchaser thereunder to be avoided under section 363(n) of the Bankruptcy Code.~~ **The Purchaser is entitled to the protections afforded by 11 U.S.C. § 363(m).  [SMB: 7/16/20]**

(vi)     Upon the Closing, the Purchaser shall not and shall not be deemed to: (i) be a successor or successor employer to the Debtor or its estate under any theory of law or equity; (ii) have, *de facto* or otherwise, merged or consolidated with or into the Debtor or the Debtor's estate; (iii) be a mere continuation or substantial continuation of the Debtor or any enterprise of the Debtor; or (iv) be liable for any acts or omissions of the Debtor in the conduct of the Debtor's business or arising under or related to the Property other than as set forth in the Sale Contract.  None of the Purchaser or the Property shall have (i) any liability or responsibility for or be required to satisfy in any manner (whether at law or in equity, by payment, setoff or otherwise, directly or indirectly) any claim or any Interest against the

Debtor, or (ii) any successor or vicarious liabilities of any kind or character, including, but not limited to, federal, state or other tax liabilities, U.S. or foreign pension liabilities, or liabilities based on any theory of antitrust law, environmental law, labor law, alter ego, veil piercing, continuity of enterprise, mere continuation, product line, *de facto* merger or substantial continuity, whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of the Chapter 11 Case, whether imposed by agreement, understanding, law, equity or otherwise with respect to the Debtor or any obligations of the Debtor, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Debtor's business prior to the Closing or any taxes in connection with, or in any way relating to, the cancellation of debt of the Debtor.

(vii)    The transfer of the Property to the Purchaser will relieve the Debtor from any liability occurring, arising from, or relating to the Property after the transfer.

(viii)    The terms and provisions of the Sale Contract and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, and its creditors, the Purchaser, and its respective affiliates, successors and assigns, and any affected third parties, including, but not limited to, all persons asserting an Interest in or against the Property to be sold to the Purchaser pursuant to the Sale Contract.

(ix)    The failure specifically to include any particular provisions of the Sale Contract in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Sale Contract be authorized and approved in its entirety.

28.    <u>Exemption from Stamp or Similar Taxes</u>.  To the maximum extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under the Plan (including an instrument of transfer executed in furtherance of the Sale Transaction), shall not be subject to any stamp tax or similar tax and the appropriate state or local government officials or agents shall forego collection of any such tax and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax.

29. <u>Confirmation</u>. The Plan is hereby approved and confirmed under section 1129 of the Bankruptcy Code. All objections to the Plan not heretofore withdrawn or resolved as set forth on the record at the Confirmation Hearing are overruled in their entirety. The record of the Confirmation Hearing is incorporated herein by reference.

30. <u>Provisions of Plan and Order Nonseverable and Mutually Dependent</u>. The provisions of the Plan and this Order are non-severable and mutually dependent.

31. <u>Implementation</u>. The Debtor, the Reorganized Debtor and all other relevant parties (including the Purchaser as it relates to the sale of the Property) are hereby authorized, directed and empowered to take such actions as may be necessary to effectuate the Plan.

32. <u>Binding Effect</u>. Pursuant to section 1141 of the Bankruptcy Code, effective as of the date of the entry of this Order, except as expressly provided in this Order, the provisions of the Plan and this Order shall be binding on (i) the Debtor; (ii) the Purchaser; and (iii) all holders of Claims against and Interests in the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted or are receiving distributions under the Plan.

33. ~~Releases and Exculpation. The releases and exculpations provided in the Plan are approved.~~ **[SMB: 7/16/20]**

34. <u>Term of Bankruptcy Injunction or Stays</u>. Unless otherwise provided herein, all injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105, 362 or 525 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

35. <u>No Discharge</u>. Pursuant to section 1141(d)(3) of the Bankruptcy Code confirmation of the Plan pursuant to this Order shall not discharge the Debtor.

36. ~~General Authorizations.  Pursuant to section 1142(b) of the Bankruptcy Code, the Debtor (or Reorganized Debtor, as applicable) is authorized, empowered and directed to (a) execute and deliver any instrument, agreement or document and (b) perform any act that is necessary, desirable, or required to comply with the terms and conditions of the Plan and consummation of the Plan, and is authorized, empowered and directed, without limitation, to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, and other agreements or documents created in connection with the Plan.~~  **[SMB: 7/16/20]**

37.  Retention of Jurisdiction.  ~~Following the Confirmation Date and until such time as all payments and distributions required to be made and all other obligations required to be performed under the Plan have been made and performed by the Debtor (or the Reorganized Debtor, as applicable),~~ The Court shall retain jurisdiction as is legally permissible, ~~including, without limitation, for the following purposes:~~ **to the extent set forth in the Plan.**

    (i)     ~~to hear and determine motions and/or applications for the assumption or rejection of Executory Contracts or Unexpired Leases and the allowance, classification, priority, compromise, estimation or payment of Claims resulting there from;~~

    (ii)    ~~to determine any motion, adversary proceeding, application, contested matter, or other litigated matter pending on or commenced after the Confirmation Date;~~

    (iii)  ~~to insure that distributions to holders of Allowed Claims are accomplished as provided herein;~~

    (iv)  ~~to consider Claims or the allowance, classification, priority, compromise, estimation or payment of any Claim;~~

    (v)    ~~to enter, implement or enforce such orders as may be appropriate in the event this Order is for any reason stayed, reversed, revoked, modified or vacated;~~

    (vi)  ~~to adjudicate any dispute related to the sale of the Property, or any offer for the Property;~~

(vii) to issue injunctions, enter and implement other orders, and take such other actions as may be necessary or appropriate to restrain interference by any Person with the Consummation, implementation or enforcement of the Plan, including this Order, or any other order of the Bankruptcy Court;

(viii) to hear and determine any application to modify the Plan in accordance with section 1127 of the Bankruptcy Code, to remedy any defect or omission or reconcile any inconsistency in the Plan, or any order of the Bankruptcy Court, including this Order, in such a manner as may be necessary to carry out the purposes and effects thereof;

(ix) to hear and determine all applications under sections 330, 331, and 503(b) of the Bankruptcy Code for awards of compensation for services rendered and reimbursement of expenses incurred before the Confirmation Date;

(x) to hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan, or this Order or any agreement, instrument, or other document governing or relating to any of the foregoing;

(xi) to take any action and issue such orders as may be necessary to construe, interpret, enforce, implement, execute, and consummate the Plan or to maintain the integrity of the Plan following Consummation;

(xii) to determine such other matters and for such other purposes as may be provided in this Order;

(xiii) to hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code (including any requests for expedited determinations of the Debtor's tax liability under section 505(b) of the Bankruptcy Code);

(xiv) to adjudicate, decide or resolve any and all matters related to section 1141 of the Bankruptcy Code;

(xv) to adjudicate any and all disputes arising from or relating to distributions under the Plan;

(xvi) to hear and determine any other matters related hereto and not inconsistent with the Bankruptcy Code and title 28 of the United States Code;

(xvii) to enter a final decree closing the Chapter 11 Case;

(xviii) to enforce all orders previously entered by the Bankruptcy Court;

(xix) to recover all assets of the Debtor and property of the Debtor's Estate, wherever located; and

(xx) ~~to hear and determine any rights, Claims or Causes of Action held by or accruing to the Debtor pursuant to the Bankruptcy Code or pursuant to any federal statute or legal theory~~ **[SMB: 7/16/20]**

38.     <u>Notice of Entry of Confirmation Order</u>.  On or before the tenth (10th) business day following the date of entry of this Order, the Debtor shall cause to be served notice of entry of this Order pursuant to Rules 2002(f)(7), 2002(k) and 3020(c) of the Bankruptcy Rules on all creditors, equity security holders, the United States Trustee and other parties in interest, by causing a notice of entry of this Order to be delivered to such parties by first class mail, postage prepaid.

39.     <u>Confirmation Order Controlling</u>.  If there is any conflict or inconsistency between the Plan and this Order, the terms of this Order shall control.

40.     <u>Reversal</u>.  If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order.  Notwithstanding any such reversal, modification or vacatur of this Order, **and except as otherwise provided by the Bankruptcy Code,** any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan or any amendments or modifications thereto.  **[SMB: 7/16/20]**

41.     <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the **Debtor and the Reorganized Debtor shall carry out the Plan and comply with the orders of the Court** ~~provisions of this Order and the Plan shall apply and be enforceable~~ notwithstanding any otherwise applicable non-bankruptcy law.  **[SMB: 7/16/20]**

42. <u>Order Effective</u>.  Notwithstanding Bankruptcy Rules 3020(e) and 6004, this Order shall be effective and enforceable immediately upon entry.

43. ~~Conditions Precedent to Effective Date:  Notwithstanding anything to the contrary set forth in the Plan, the Effective Date shall occur when all of the conditions precedent set forth in Section 10.1 of the Plan have been satisfied or waived by the Debtor.~~  **[SMB: 7/16/20]**

44. ~~Substantial Consumation.  On the Effective Date, the Plan shall have been deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.~~ **[SMB: 7/16/20]**

45. <u>References to Plan Provisions</u>.  The failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

46. <u>Headings</u>.  Headings utilized herein are for the convenience of reference only, and shall not constitute a part of the Plan or this Order for any other purpose.

Dated:   New York, New York
        July 16, 2020

_____
UNITED STATES BANKRUPTCY JUDGE