BEYS LISTON & MOBARGHA LLP
Nader Mobargha
Alison Moss
641 Lexington Avenue
New York, NY 10022
Tel: (646) 755-3603
Fax: (646) 755-3599
nmobargha@blmllp.com
mbeys@blmllp.com

*Counsel for Secured Creditor And Defendant*
*Azadeh Nasser Azari*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re:<br><br>WANSDOWN PROPERTIES CORPORATION, N.V.,<br><br><br>Debtor | **Chapter 11**<br><br>**Case No. 19-13223 (SMB)** |

---

**SECURED CREDITOR AND DEFENDANT AZADEH NASSER AZARI'S OBJECTION AND RESPONSE TO BLANK ROME LLP'S MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION BY AND BETWEEN BLANK ROME LLP AND THE UNITED STATES TRUSTEE**

Azadeh Nasser Azari ("Azari"), a secured creditor of Debtor Wansdown Properties Corporation, N.V. (the "Debtor") and a defendant in an adversary proceeding filed by Debtor, captioned *Wansdown v. Azari*, Adv Proc. No. 19-1450 (the "Adversary Proceeding"), by and through her undersigned counsel, respectfully submits the following objection and response to the *Motion for Entry Of An Order Approving Stipulation By And Between Blank Rome LLP And*

1

*The United States Trustee,* dated August 31, 2022, and its accompanying exhibits (*See* ECF No. 207) ("Motion"), which includes the *Stipulation Resolving Claims Of The United States Trustee For Region 2 Against Blank Rome LLP For Its Noncompliance With Bankruptcy Rule 2014* (the "Stipulation"):

**I-    AZARI'S RESERVATION OF ALL RIGHTS AND REMEDIES**

1. Notwithstanding the Motion or the Stipulation, Azari reserves all of her rights and remedies in the *Joint Motion For Sanctions Under 11 U.S.C. § 105, 11 U.S.C. § 9011, 11 U.S.C. § 328(c), & 28 U.S.C. § 1927 And Based Upon A Claim For Fraud On The Court,* filed on June 17, 2022 (the "Sanctions Motion")(ECF No. 200), and any other remedy that Azari may seek to hold Debtor and Blank Rome accountable for their misconduct.

2. This reservation of rights includes, but is not limited to, the right to claim the Stipulation is not fair, reasonable, equitable, or appropriate under the circumstances, and the right not to adopt any portion of the Motion drafted by Blank Rome or its justifications for the Stipulation.

3. In fact, Azari notes that Blank Rome agreed, instantaneously, to settle with the United States Trustee (the "Trustee") for $500,000 – even before the Trustee was able to file a document or motion outlining its allegations concerning Blank Rome's intentional perjury and misconduct.  (Motion, ¶ 19).  Nevertheless, Blank Rome continues its pattern of refusing to take accountability for its actions and mischaracterizing the facts, especially as it does in paragraph 22 of its Motion.

4. Furthermore, we note that Blank Rome's Motion is one-sided and only provides its version of the events, while the Trustee has omitted to disclose any allegations whatsoever that served as the basis for its potential motion or action against Blank Rome, including but not

limited to, its belief that Blank Rome's perjury and its failure to disclose its close connections with Debtor's sole shareholder, Pelmadulla Stiftung, and its sole executive, Gholam Reza Golsorkhi ("Golsorkhi"), were intentional. Rather, Blank Rome simply states that the Trustee "has a different view" of Blank Rome's "assertions and contentions" without any elaboration whatsoever on what that "different view" is.  (Motion, ¶ 23).

5. Finally, while we understand that the Stipulation states that it "does not bind any party other than the US Trustee and Blank Rome" (*See* Stipulation, Ex. A, ¶ 4), Blank Rome historically has asserted claims of *res judicata* and *collateral estoppel* even when Azari's filings and this Court's orders have preserved her rights to litigate specific issues.  For instance, when Azari objected to creditor claims in this Chapter 11 proceeding, the Court granted Azari the right to raise objections to the claims of creditors in the Adversary Proceeding instead, notwithstanding the confirmation of Debtor's plan or the Chapter 11 proceeding. (Adversary Proceeding, ECF No. 65, ¶¶ 63 – 65, 111). The implied purpose of the order was for the parties not to multiply proceedings, but rather to litigate all issues in the Adversary Proceeding. Nevertheless, in its summary judgment papers, Debtor ignored the Court's order and disingenuously claimed that Azari waived her rights to object to any creditor claims. (*See, e.g.,* Adversary Proceeding, ECF No. 56, ¶ 71). Consequently, despite this provision in the Stipulation limiting its binding effect, Azari felt it was necessary to confirm the reservation of any and all of her rights, and leave no ambiguity that the Stipulation should not prejudice her rights in the Sanctions Motion, or in any other context, to hold Blank Rome and Debtor accountable for their misconduct.

## II- AZARI'S OBJECTION TO THE LIMITED PARTIES THAT BLANK ROME IS SERVING WITH THE STIPULATION

6. We also object to Blank Rome's service of such significant documents such as the Motion and the Stipulation, filed in the Chapter 11 proceeding, on only four (4) parties: (i) the Trustee; (ii) counsel to Azari; (iii) counsel to 29 Beekman Corp.; and (iv) counsel to Debtor. (*See* Motion, ¶ 25). Debtor should inform <u>all</u> parties on the service list for the Chapter 11 proceeding about the settlement of its misconduct with the Trustee, including its creditors. This is especially appropriate here because Debtor's misconduct harmed the creditors. These creditors had a right to know about Blank Rome's extensive and personal connections with Golsorkhi, a subordinated creditor, since Golsorkhi had a conflict of interest with these very creditors who stood in front of him in priority of payment.

Dated: September 15, 2022
      New York, New York

**BEYS LISTON & MOBARGHA LLP**

By: *Nader Mobargha*
     Nader Mobargha, Esq.

641 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone: (646) 755-3603
Facsimile: (646) 755-5229
Email: nmobargha@blmllp.com

*Attorneys for Secured Creditor*
*Azadeh Nasser Azari*

4